## SPENCER *vs.* BABCOCK.

The assignor of the demand on which an action is brought, is a competent witness for the plaintiff.

Parol evidence is always admissible to apply a written contract to the facts, or to show the extrinsic facts to which the contract relates, and its practical execution in reference to such facts.

In an action by S. as the assignee of a demand held by A. against B.; proof by the defendant that he and A. had been partners in trade, and that A. was indebted to B. on an unadjusted account, to a large amount, arising out of their partnership dealings, and that the liability of the defendant for which the suit was brought, was connected with the partnership transactions, is inadmissible in support of a counter-claim set up in the answer.

Spencer *v.* Babcock.

A counter-claim to be valid, under the code, must be a claim against the plaintiff on the record. The right to set up a counter-claim, against the assignee, after the assignment of a thing in action, is not reserved or given in any part of the code.

Where a counter-claim, set up in an answer, was embraced in five different specifications, numbered as five separate defenses, neither of which, alone, was a defense ; *Held,* that the counter-claim was not properly stated.

Each defense or counter-claim should be a complete single defense, of itself, without reference to others.

A defense cannot be made out, in pleading, by connecting two or more separate defenses together, any more than it could formerly, by connecting together wo or more special pleas, each insufficient of itself.

APPEAL by the defendant from a judgment entered upon the report of a referee. The complaint alleged, that on or about the first day of April, 1849, the defendant, for the purpose of procuring a credit for one Marcus M. Wheelock in the purchase of goods and merchandise of one William J. Arnold, and in consideration of such credit to be given to the said Wheelock by said Arnold, made, executed and delivered to said Arnold, as security for the payment of such purchase of goods and merchandise, as he the said Wheelock should make of the said Arnold, a guaranty or agreement in writing, in the words and figures following, to wit : " In consideration of the sum of one dollar to me in hand paid, I do hereby agree to pay or cause to be paid to William J. Arnold, his heirs or his assigns, such sums and amounts as Marcus M. Wheelock shall trade or cause to be traded at the store of said Arnold from the date hereof, until I may forbid more goods being delivered upon the conditions of this consideration. The amount so accruing may be applied on a certain contract between Ralph Babcock and William J. Arnold for lot No. 4, in block 65, in the village of Corning ; said article bearing date September 23, 1844, or in payment to Babcock & Arnold, by W. J. Arnold, through the undersigned, for stock of goods, as described in the annexed contract. .

      (Signed,)            RALPH BABCOCK.

Dated Corning, April 1st, 1849."

The plaintiff further alleged, that after the said first day of April, 1849, and before the assignment hereinafter mentioned,

the said Marcus M. Wheelock traded, and caused to be traded, at the store of said Arnold, the sum of $4292.01, in which sum the said Wheelock was at the time of said assignment indebted to said Arnold for the goods and merchandise so traded, caused to be traded, sold and delivered by said Arnold to Wheelock. And that on the 21st day of August, 1850, the said William J. Arnold duly assigned to the plaintiff the said account and demand of $4292.01, together with the said agreement or guaranty of the said Babcock, for the benefit of certain creditors of the said Arnold, and that the said sum of $4292.01 has not been paid either by said Wheelock or said Babcock, except the sum of $1377.07, which has been applied on the said contract for said lot No. 4, nor has the same been applied on the contract in payment for stock of goods mentioned in said agreement, and that the sum of $2914.94, with interest on $865.97 from October 1st, 1849, and on $2048.97 from April 1st, 1850, remains due and unpaid. The plaintiff therefore demanded judgment against the defendant for the said sum of $2914.94, with interest on $865.97 from October 1st, 1849, and on $2048.97 from April 1st, 1850, besides costs.

The defendant, in his answer, 1. Admitted that he made, executed and delivered the agreement signed by him and set forth in the complaint, dated April 1st, 1849, but he denied that he made said agreement for the purpose of procuring credit for Marcus M. Wheelock in the purchase of goods and merchandise of William J. Arnold, or that the defendant made, executed and delivered said agreement to Arnold as security for the payment of such purchase of goods and merchandise as the said Wheelock should make of said Arnold. That said agreement was made and delivered for the purpose of creating an original claim against said defendant in favor of Arnold, for such goods and merchandise as Arnold should deliver to Wheelock upon the credit of the defendant, upon the strength and by reason of said agreement, without reference to, and independent of, the credit of said Wheelock. And that Arnold then being indebted to the defendant upon certain contracts hereinafter set forth, in sums due and to become due, and for goods and merchandise sold, and

Spencer *v.* Babcock.

money paid, laid out and expended, due and to become due, the said agreement was also made for the purpose of having the said Arnold's claim for such goods and merchandise as he should deliver to Wheelock by reason of said agreement, applied upon said claims of the defendant against Arnold. 2. And the answer further stated, that heretofore the plaintiff brought an action against the said Marcus M. Wheelock in the supreme court, to recover for the same goods and merchandise mentioned and referred to in the complaint in this action, and every part thereof, and to recover for which this action is brought. And that since the commencement of this action, and on the tenth day of November, 1853, the plaintiff recovered a judgment in said court against said Wheelock in that action for the same goods and merchandise that are mentioned and referred to in the complaint in this action, and every part thereof, and to recover for which this action is brought; that said recovery against said Wheelock was for or about the sum of $5463.12, including costs. And that by reason of said former recovery against said Wheelock, the plaintiff ought not to have or maintain this action. 3. The answer further alleged, that after the execution and delivery of said agreement, the defendant forbid and directed Arnold and his clerks not to deliver any goods and merchandise to Wheelock upon said agreement, except such as were to be used by Wheelock at or about a certain steam saw-mill in the town of Corning, in Steuben county, or in or about the business thereof, or by the hands of said Wheelock engaged in or about said mill, in conducting the business thereof. That said defendant had been informed and believed that Arnold and his clerks, after the defendant forbid and directed them as aforesaid, delivered goods and merchandise to said Wheelock, that were not to be used by Wheelock or his hands in, at or about said mill, or the business thereof, or by the hands engaged in the business thereof, and contrary and without reference to said directions of the defendant as aforesaid, and that some of the goods and merchandise mentioned and referred to in said complaint, and for which this action was brought, were so delivered by Arnold and his clerks to Wheelock, and without reference to

said directions of the defendant given as aforesaid, and which were not used in, at or about said mill, or by the hands engaged in and about the business thereof. 4. And the answer further alleged, that the defendant had not knowledge or information sufficient to form a belief, that after the first day of April, 1849, and before the pretended assignment to the plaintiff alleged in the complaint, Wheelock traded, and caused to be traded, at the store of Arnold, the sum of $4292.01, or that Wheelock, at the time of the alleged assignment, was indebted to Arnold in the sum aforesaid, or any other sum, for the goods and merchandise traded, caused to be traded, sold and delivered by said Arnold to said Wheelock, as alleged in the complaint. 5. The answer further stated, that the defendant had not knowledge or information sufficient to form a belief, that on the 21st day of August, 1850, or any other time, the said Arnold assigned to the plaintiff the alleged account and demand of $4292.01, or any other sum, together with the agreement of the defendant set forth in the complaint for the benefit of certain creditors of the said Arnold, or that the alleged sum had not been paid, except the sum of $1377.07, as alleged in said complaint. 6. And the answer further stated, that the contract for the sale of stock of goods referred to in, and annexed to, said agreement, was as follows : " Articles of agreement made this first day of the April, 1849, between Ralph Babcock and William J. Arnold, of the firm of Babcock & Arnold, at Corning, Steuben county, and state of New York, of the first part, and William J. Arnold of the place aforesaid, of the second part. The parties of the first part sell to the party of the second part their goods, wares and furniture in the store at Corning, as per invoice of this date, amounting to $995.85, deducting therefrom twenty-five per cent from the first cost of goods, making the net amount $746.89, and the parties of the first part do further sell to the party of the second part twenty bushels dried apples at $81\frac{1}{8}$ cents per bushel, and nine barrels mess pork at $14.50 per barrel, making total amount of net sales $893.64, and the parties agree that said amount shall be paid in two equal payments of $446.82. The payments to be made at six and twelve months from this

date, interest allowed on last payment after six months, and on amount of pork and apples from this date. And the party of the second part does hereby agree to pay the parties of the first part the sum of $893.64, in two equal payments, the one in six and the other in twelve months from this date, as above specified.

Dated Corning, April 1st, 1849.

RALPH BABCOCK,
W. J. ARNOLD,
Firm of Babcock & Arnold."

That the sums to be paid by the terms of the contract last above mentioned and set forth had not been paid, and that at the time of the alleged assignment the said Arnold was indebted to the defendant therefor, and interest thereon. 7. The answer further alleged, that on the 15th day of June, 1849, the said William J. Arnold and the defendant executed an agreement in writing, under seal, as follows, to wit: "This agreement between W. J. Arnold and Ralph Babcock, made this 15th day of June, 1849, witnesses that it is mutually agreed by and between the said parties that all notes, bills and demands of whatever kind the same may be, now due or to become due, from any person or persons, to the firm of Babcock & Arnold, arising in the prosecution of their partnership business, shall be, and the same are hereby transferred to the said Babcock by the said Arnold, as entirely and completely as the said Arnold is able so to do. And the said Babcock is fully authorized and empowered by the said Arnold to receive payments, to sue for, and to do and perform every act in and about the said notes, bills and demands, necessary for the collection thereof in his own right and name, as fully as if the said notes, bills and demands had always been the property of the said Babcock. And the said Babcock agrees to take the said notes, bills and demands, as above provided, and to render a just and true account to the said Arnold, for the share of the said Arnold in the same. In witness whereof, we have hereunto set our hands and seals this 15th day of June, 1849.        W. J. ARNOLD. [L. S.]

R. BABCOCK. [L. S.]

That at the time of the execution of said agreement set forth

in said complaint, there was due and unpaid, and still remains due and unpaid on the notes, bills and demands assigned by said Arnold to the defendant, by the terms of the agreement last above set forth, about the sum of three thousand dollars, which the defendant would also set off and recover in this action. 8. The answer further alleged, that previous to the first day of April, 1849, the said William J. Arnold and the defendant had been partners, doing business together under the partnership name, style and firm of Babcock & Arnold, and that on the said first day of April, 1849, said partnership and firm were dissolved. That at the time of the execution of the said agreement of the defendant set forth in the complaint, there was due from said Arnold to the defendant, on the contract between the defendant and said Arnold for lot No. 4, in block No. 65, referred to in said agreement set forth in the complaint, the sum or about the sum of $1356.85, and that the same has not been paid, which, with interest thereon from that time, would be set off and applied upon the plaintiff's claim in this action. 9. And the answer further showed, that at the time of the dissolution of the firm as aforesaid, Arnold was indebted to the firm of Babcock & Arnold, in or about the sum of $2000, for goods, wares and merchandise taken by and sold to him at his request, and for money before then had and received, lent and advanced, paid, laid out and expended at the request of said Arnold, which still remained due and unpaid, and which, together with interest thereon, the defendant would set off and recoup in this action. 10. The answer further stated, that the said firm was a mercantile one. That at the time of the alleged assignment to the plaintiff, the copartnership accounts and dealings of the said copartners were and still are unadjusted and unsettled, but that upon such dealings and settlement of such accounts, there was before, and at the time of the alleged assignment, and still is, a balance due from the said Arnold to the defendant of about the sum of six thousand dollars, over and above the just share and proportion of said Arnold, for money had and received, goods, wares and merchandise, taken by and sold and delivered to said Arnold by said firm, and for money before then paid, laid out and

Spencer *v.* Babcock.

expended by defendant, upon and in satisfaction of debts due from and owing by the said firm, and for money lent, advanced, paid, laid out and expended by defendant to, for and on account of said firm.   And the defendant asked that the partnership dealings and accounts be stated and settled, and that so much of the amount due him thereon be set off and recouped against the demand of the plaintiff, to be established upon the trial, as should be sufficient to satisfy the same.   11. The answer further showed, that the said Arnold, at and before the alleged assignment to the plaintiff, was further indebted to the defendant, in the further sum of twenty dollars, for one cow, before then sold and delivered by defendant to said Arnold, at his request.   And that all of the said sums above mentioned remained unpaid, and the defendant would set off and recoup so much thereof as should be sufficient to satisfy any demand of the plaintiff, to be established upon the trial.

The several matters alleged in the answer were put in issue by a reply.

The cause was tried before a referee.   At the close of the plaintiff's testimony, the defendant's counsel moved that the plaintiff be nonsuited, on the grounds,  1. That the plaintiff had not made out a cause of action.   2. That the goods delivered, were not delivered upon the agreement made by the defendant, and dated April 1st, 1849; the goods having been delivered upon the credit of, and charged to, Marcus M. Wheelock, and not to the defendant.   3. That the plaintiff having recovered a judgment for the same goods against Marcus M. Wheelock, as appeared and was admitted by the pleadings, such recovery was a bar to a recovery against the defendant therefor; the said agreement of the defendant not being collateral to the liability of Wheelock.   The referee denied the motion, and the defendant's counsel excepted to his decision.   The defendant's counsel then offered to prove that, before and at the time of the execution and delivery of the assignment by Arnold to the plaintiff, there was an unadjusted and unsettled partnership dealing and account between said Arnold and the defendant, (who had been copartners;) that upon such dealing there was then and still

was a balance due from said Arnold to the defendant of $6000, for money had and received by said Arnold, and for goods sold and delivered to him by said firm of Babcock & Arnold, and for money before then paid, laid out and expended by the defendant upon and in satisfaction of debts due and owing by said firm to divers individuals, and for money lent, advanced, paid, laid out and expended by defendant to, for and on account of said firm, as set up and alleged in defense No. 10, in the answer of the defendant. And the defendant also offered to prove all the matters and things alleged in said defense No. 10, in said answer, as therein alleged. The plaintiff's counsel objected to the evidence thus offered in each of said propositions respectively. 1. Because a claim growing out of partnership relations before an account stated is not a subject of set-off, and because there was not enough in the answer to call for a partnership account to be stated and settled. 2. Because the counter-claim was not against the plaintiff in this suit. 3. Because, before a partnership account could be stated and settled, Arnold should be made a party. 4. Because the debt of Arnold to the firm of Babcock & Arnold could not be assigned to Babcock, so as to authorize Babcock to maintain an action against Arnold upon it.

Which objection was sustained by the referee, and the evidence rejected; to which decision the defendant's counsel excepted. The evidence here closed; and the referee made his report, whereby he found for the plaintiff for $3881.32.

*G. T. Spencer,* plaintiff in person.

*George B. Bradley,* for the defendant.

*By the Court,* E. DARWIN SMITH, J. The referee rightly disposed of the several questions presented during the progress of the trial, before and including the motion for a nonsuit. Arnold was a competent witness, and it was not error to allow him to state that the goods were delivered upon the agreement. Parol evidence is always admissible to apply the written contract to the facts, or to show the extrinsic facts to which the

contract relates, and its practical execution in reference to such facts.

The only point of any difficulty in the case arises upon the offer of the defendant's counsel, to show the matter of defense or counter-claim set up in their answer. This was overruled by the referee. The offer of the defendant's counsel was in effect to prove that Arnold and the defendant had been partners in trade, and that Arnold was indebted to the defendant in an unadjusted account to the amount of about $6000, arising out of their partnership dealings, and that the liability of the defendant, for which this suit was brought, was connected with the partnership transactions. This matter of counter-claim, if it was such, is not properly stated in the answer. It is embraced in five different specifications, numbered as five separate defenses, neither of which alone is a defense. Each defense or counter-claim should be a complete single defense of itself, without reference to others. (5 *Sand.* 210.) A defense cannot be made out in pleadings, by connecting two or more separate defenses together, more than it could formerly by connecting together two or more special pleas, each insufficient of itself. The matter set up in these five several defenses as numbered, if the action were in the name of Arnold, would, I think, constitute a good equitable counter-claim. The claim of the defendant is connected with the partnership transactions between Arnold & Babcock, and there is a strong equity that one claim should offset the other; and if Arnold had been brought before the court by cross-action, or were the plaintiff on the record, such application might be made. But the code is explicit that the counter-claim can only be a claim against the plaintiff. Section 150 is as follows : " The counter-claim mentioned in the last section must be one existing in favor of a defendant and *against a plaintiff*, between whom a several judgment might be had in the action." This applies only to the *plaintiff on the record*. (*See Gleason* v. *Moen*, 2 *Duer*, 642.) Section 112 of the code, relating to assignments of choses in action, only relates to and protects set-offs or other defenses existing as against the assignor at the time of the transfer. The right to set up a

counter-claim, after the assignment of a thing in action, is not reserved or given in any part of the code. For this reason the offer of the defendant was properly overruled by the referee, and a new trial must be denied.

[Monroe General Term, September 1, 1856. *T. R. Strong, Welles* and *Smith*, Justices.]