## Case No. 17,468.

### WETMORE v. RICE.

[1 Biss. 237.] [1]

Circuit Court, E. D. Michigan. June, 1858.

FEDERAL COURTS—ORIGINAL JURISDICTION—MARSHAL'S BOND.

1. Under the act of April 10th, 1806 [2 Stat. 372], and on the general principle that where the courts of the United States have original jurisdiction, whether from the character of the claim, or the citizenship of the parties, they may entertain proceedings against the marshal and his sureties, the circuit courts have jurisdiction of suits on marshal's bonds without reference to the citizenship of the parties.

[Distinguished in Pierson v. Philips. 36 Fed. 837; Hagood v. Blythe, 37 Fed. 251.]

2. The cases where such jurisdiction may not be exercised, are exceptional.

3. After judgment has once been entered for the penalty, it remains as security for all persons injured by default of the marshal. Complaints may be made, damages assessed, and executions issued, until the whole penalty shall have been recovered.

This is an action brought against George W. Rice as marshal, and his sureties, for the penalty of twenty thousand dollars, the penalty of the marshal's bond on the ground that he permitted a certain vessel, in his custody by legal process, to go a voyage up the Lakes by reason of which she was lost in a storm, and the plaintiff failed to recover his claim against the vessel which had been attached at his instance. The defendants demurred and assigned several grounds of demurrer: 1. That it does not appear that the court has jurisdiction, the parties not appearing to be citizens of different states. The other grounds it is not necessary to mention.

Walker & Russell, for plaintiff.

The subject matter of the suit, and not the citizenship of the parties, nor the amount in controversy, determines the jurisdiction, as in causes of admiralty and patents. 2 Stat. 373; Conk. Prac. 65; Gwin v. Breedlove, 2 How. [43 U. S.] 29; U. S. v. Myers [Case No. 15,844]; Gwin v. Barton, 6 How. [47 U. S.] 7. The first and second sections of the act of April 10, 1806, speak of suits upon these marshal's bonds. evidently meaning in the federal courts—congress does not undertake to confer jurisdiction upon state courts. Before this statute these bonds. running to the United States. could be sued in the name of the

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

United States in the federal courts,—the only effect of the statute of 1806, in this respect is to change the plaintiff, and authorize the party in interest to sue, the tribunals remaining the same.

Goodwin & Goodwin, for defendants.

McLEAN, Circuit Justice. As the plaintiff and defendants are citizens of Michigan, there is no ground for jurisdiction from the citizenship of the parties. But it is contended that the jurisdiction may be maintained from the character of the case and the act of congress, on the same principle as suits under the patent laws and in admiralty. Jurisdiction is given exclusively in the district courts of the United States in all cases of admiralty, and express provision is made by law for the exercise of jurisdiction in patent cases. But there is no such provision in regard to suits on marshal's bonds.

In the second section of the act of 1806, "relating to marshal's bonds for the faithful performance of his duties" (2 Stat. 372), it is provided, that any one injured by a breach of the condition of the bond may institute a suit upon it, in the name and for the sole use of such party; and thereupon to recover such damages as shall be legally assessed, with costs of suit, &c. And the third section declares that said bond, after a judgment. shall remain as a security for the benefit of any one injured by the misconduct of the marshal, and the same proceedings shall be had as above stated. Such suits are required to be commenced within six years after the right of action shall have accrued.

The question of jurisdiction as raised in this case seems never to have been made or decided in the supreme court or in any of the circuit courts. The case of Bispham v. Taylor [Case No. 1,443] was founded upon a marshal's bond, but the question of jurisdiction was not made, and. of course in the report of the case, no reference was made to it. The inference that. as the citizenship of the parties was not noticed by the court, it was deemed unnecessary to be alleged, is not sustained. as it appears in the declaration there was an averment of the citizenship of the plaintiff which gave jurisdiction. And the same remark applies to the case of Sperring v. Taylor [Id. 13,235], referred to in the same volume. Neither of these cases brought before the court the question of jurisdiction.

In the case of Postmaster General v. Early, 12 Wheat. [25 U. S.] 136, there was no point ruled which has a direct bearing on the question before us. In that case the court says, "The postmaster general cannot sue in the federal courts under that part of the constitution which gives jurisdiction to those courts, in consequence of the character of the party, nor is he authorized to sue by the judiciary act [1 Stat. 73]. He comes into the courts of the United States under the authority of an act of congress, the constitutionality of

which rests upon the admission that his suit is a case arising under a law of the United States." The act referred to is that of the 30th April, 1810, which authorizes the postmaster general to bring suit.

The case of Gwin v. Breedlove, 2 How. [43 U. S.] 29, was a writ of error to revise the proceedings of the circuit court of the United States, in the state of Mississippi, against Gwin, as marshal of that state, under a statute of the state authorizing a procedure against sheriffs and their sureties, which had been adopted by the circuit court. The court sustained the summary proceedings, as incidental to the suit of Breedlove v. Gwin, in which a judgment had been rendered. But the point did not come up in that case, whether a suit on the bond could have been sustained as an independent action by parties living within the state in which suit was brought.

In a dissenting opinion, Mr. Justice Daniel said that the marshal would also be liable upon his official bond, because the judiciary act confers a right of action thereon without restriction as to citizenship, on all persons who may be injured by a breach of the condition of that bond. But he remarks, if a further or different recourse is sought against the marshal, one which may be supposed to arise either from the inherent power of the court over its officer or its judgments, then it is presumed that those who seek such recourse must show their right as arising out of the character to sue in the federal courts; they must show themselves by regular averment to be citizens of a state other than that of him whom they seek to implead.

So far as regards any procedure against the marshal as an officer of the court, for a failure in the performance of his duty, whether under a rule of court or by attachment, there can be no doubt of the power of the court. But the proceeding under examination is by an action on the marshal's bond, with the view of making his sureties responsible. This action is founded, not on any default of the marshal, under process issued by this court, but by a proceeding in admiralty in the district court. It does not then arise as an incident to any action in this court. It is an independent action in this court between citizens of the same state.

The argument ab inconvenienti is a strong one, but on such ground the jurisdiction of this court has never been exercised. It has often been held that the consent of parties cannot confer it, as it is a matter of law. The sureties who are sought to be made liable are strangers to the proceedings in admiralty, out of which this case has arisen. They have a right to be heard in their defense untrammeled by any previous proceeding, except the matters of record which show the delinquency of the marshal. He being the principal and a party to such proceeding, it is binding on his sureties.

The act of 1806 (2 Stat. 372), in relation to marshal's bonds, provides that suit may be brought thereon, and that the judgment shall remain as a security for others who may be injured by the acts of the marshal. From these and other provisions in the act, it is argued that on a marshal's bond suit may be brought without reference to the citizenship of the parties as on a patent right or in admiralty. The jurisdiction is expressly given in both these cases under express provisions, whilst in regard to marshal's bonds there is no such provision.

It may be assumed that in all cases where the courts of the United States have original jurisdiction, whether from the character of the claim or the citizenship of the parties, there may be a procedure against the marshal and his sureties, so far as such procedure may be incident to the original suit. And as this view brings the marshal's bond generally within the jurisdiction of the court, the cases where such jurisdiction may not be exercised form an exception to the general rule, and for which no special provision is made.

I am inclined to believe that all cases may be brought under the provision of the 3d section of the act of 1806, which provides that the bond, after judgment, shall remain as a security for others who shall be injured by breach of its condition, until the whole penalty shall have been recovered. Beyond this the sureties are not responsible, but the marshal is bound on common law principles.

A judgment having been rendered for the amount of the penalty, it stands as a security to all who may be injured by the default of the marshal. Complaints may be made subsequent to the judgment in proper form, and the amounts being ascertained on issues made to the court or jury, executions may be ordered until the penalty shall be exhausted. In this form every case may be legally embraced, with little expense, and speedily.