Western Bank *v.* Sherwood.

to enforce the liability. It is hardly necessary to remark that, as that is a statute liability, it extends to the *feme covert*, and affects her property alone. What it may be worth to creditors, or by what particular proceeding it is to be enforced in this case, are questions with which I have nothing to do.

I think the report of the referee should be confirmed, and an order accordingly must be entered in the office of the clerk of Erie county.

[ERIE SPECIAL TERM, April 4, 1859. *Greene*, Justice.]

THE WESTERN BANK *vs.* SHERWOOD.

In an action upon a penal bond, the judgment, in form, is for the penalty. The code has not changed the law in this respect.

If there is a condition to the bond, and the cause of action arises from its breach, the plaintiff should state that fact, as one of the facts constituting his cause of action. But this will not affect his right to a judgment in form for the penalty.

Where, by the agreement of the parties, the whole penalty has become due, by the non-payment of an installment of interest, the law will not permit the obligee to collect it, if, on looking at the condition, it is found to be inequitable ; and the obligor's rights will be protected, by controlling the execution, according to the law and practice prior to the code.

A defendant may now avail himself of any *defense*, legal or equitable, which he may have to the claim or demand sued on, though the action be prosecuted by an assignee. An assignee still takes and prosecutes the demand subject to all the equities existing between the parties to the contract.

In an action upon a bond conditioned for the payment of money, brought by an assignee, the obligor alleged in his answer that the bond, and a mortgage to secure its payment, were executed by him to one J., in consideration that J. would fulfill and perform certain covenants contained in an agreement between the parties, and that J. had failed and refused to perform his said covenants ; *Held* that the matter thus set up constituted a good defense, and that the referee erred in deciding that the same could not be set up against the assignee of the bond, and in excluding the evidence.

APPEAL from a judgment entered upon the report of a referee. The material facts appear in the opinion.

*Marshall & Harvey,* for the plaintiff.

*Greene & Stevens,* for the defendant.

*By the Court,* MARVIN, J.   The action is upon a bond, assigned by Johnson, the obligee, to the plaintiff.   It is in the penalty of $14,000, conditioned to pay $7000 at the end of ten years, with interest to be paid annually.   An installment of interest was due when the action was commenced.   The plaintiff demanded judgment for the $14,000.   The defendant put in issue the assignment of the bond to the plaintiff, and then alleged that the bond, and a mortgage to secure its payment, were executed to Hiram Johnson, in consideration that Johnson would fulfill and perform certain covenants contained in an agreement between the parties.   The agreement is set out in the answer.   By it Sherwood, upon certain conditions, sells and assigns to Johnson all his interest &c. in the assets in the office known as the exchange office of Hiram Johnson, and he agrees to do certain other things, among them to execute a bond (the one in suit) and a mortgage.   Johnson on his part agreed to pay, or cause Sherwood to be released from, all demands against the exchange office, and to cause the mortgages and other securities given by Sherwood to be given up to him to be canceled, within a reasonable time.   He also agreed to pay to the Farmers' Joint Stock Banking Company whatever sum he or the said office might owe the said banking company, &c., and to discharge Sherwood from any claim whatever, except &c., on Sherwood's performing the agreement on his part.   It is averred that Johnson or the exchange office owed the said banking company a large sum, to wit, $35,000, and that it was the object of the agreement to provide for the payment of this debt.   That Johnson has failed and refused to perform his part of the agreement, has not paid, &c., to the damage of the defendant Sherwood of $35,000.

On the trial the bond and assignment were read in evidence. It is declared in the assignment that it is made as collateral

security for the debts and liabilities Johnson owed or was under to the plaintiff, and to secure future debts, and when they are paid and discharged the assignment to be void. The defendant's counsel moved for a nonsuit, on the ground that the action was for the penalty of the bond, and that it was not due to the plaintiff. The referee decided that the plaintiff could recover the interest that had matured; exception. The defendant's counsel insisted that there could be no recovery without Johnson as a party. The referee decided otherwise, and the defendant excepted. The counsel for the defendant insisted that the claims set up by the answer were admitted, there being no reply. The referee decided that the claims against Johnson could not be set up in this action, against the plaintiff; exception. And also that what the answer set up was a defense, and not a counter-claim; exception. The defendant's counsel then offered to prove the facts stated affirmatively in the answer, and the damages sustained by the defendant, by reason of the breach of covenant by Johnson. The referee decided that such facts could not be set up in this action against the plaintiff, and the defendant excepted. The referee found what sum was due for interest, and decided as matter of law that the plaintiff was entitled to judgment for the penal sum of $14,000, mentioned in the bond, and the costs of the action. Judgment according to the decision.

The defendant's counsel insists that the action can only be brought and maintained for each installment as it becomes due, either of principal or interest, and he refers to sections 142, 129 and 162 of the code.

In my opinion the code has not changed the law in that respect. The action in this court is for the penalty, and the judgment, in form, is for the penalty. If the action is upon a bond, for the breach of any condition other than for the payment of money, specific breaches must now, as formerly, be assigned. The revised statutes are, in this respect, in force. (2 *R. S.* 378.) The present case is not one of those in which, by the revised statutes, it was required to assign specific

breaches; (17 *Wend.* 331; 3 *id.* 554; 5 *Hill,* 38;) and yet I am inclined to think that now breaches should be assigned in all cases, and that this is so, from the system of the code, which requires a plain and concise statement of facts constituting a cause of action, (§ 142;) and abolishes all the forms of pleading heretofore existing. No cause of action exists unless there has been a breach of the condition of the bond, and the practice of craving oyer of the bond does not now, probably, exist. If there is a condition to the bond, and the cause of action arise from its breach, I think the plaintiff should state the fact as one of the facts constituting his cause of action. This will not affect the plaintiff's right to a judgment in form for the penalty.

By the agreement of the parties the whole penalty has become due. The law however will not permit the party to collect it, if, on looking at the condition, it is found to be inequitable, and the defendant's rights will be protected by controlling the execution, according to the law and practice prior to the code. In the present case the breach of the bond is sufficiently alleged in the complaint.

If the defendant's counsel is right, it would be necessary to commence a new action whenever an installment of interest should become due after a previous action. I think the code has not effected such a change.

By section 150 of the code it is declared, that "The counter-claim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action." According to *Gleason* v. *Moen,* (2 *Duer,* 639;) *Spencer* v. *Babcock,* (22 *Barb.* 326;) and *Weeks* v. *Pryor,* (27 *id.* 79,) the new matter stated in the defendant's answer did not constitute a *counter-claim.* These cases hold that the claim must be one *existing* against a *plaintiff,* so that, as I understand, a judgment might be had against such plaintiff for the amount of the counter-claim, or any portion of it exceeding the amount that should be allowed to the plaintiff, upon his claim. I am

not disposed to question the soundness of this construction, as a defendant will be permitted, in all cases, to avail himself of any matter by way of *defense*, which would have been available to him prior to the code. An assignee, now as then, will take all claims subject to the equities between the parties to the contract. Promissory notes and bills of exchange transferred in good faith before maturity, will not be subject to such equity. Though the action must never be brought by the real party in interest, which includes an assignee,. section 112 of the code saves the rights of a defendant to avail himself of any " set-off or other defense existing at the time of or before notice of the assignment."

I suppose a defendant may now avail himself of any *defense*, legal or equitable, which he may have to the claim or demand made against him, though the action be prosecuted by an assignee. He still takes and prosecutes the demand subject to all the equities existing between the parties to the contract. (*See Gleason* v. *Moen*, *supra*.) If *Spencer* v. *Babcock* goes further, in excluding the defense, I should doubt its soundness. If the law is not, as I suppose, consequences the most serious might follow. A. owes B., upon a bond, $1000, and B. owes A. upon an account, the like or a less sum; B. is insolvent and assigns the bond, and the assignee brings the action upon it; if A. cannot use, by way of *defense*, his set-off against B., he will have to pay the amount of the bond and lose his account or demand against B. In the case under consideration the new matter set forth in the answer, if proved, would have constituted a defense to the action upon the bond, and the referee erred in deciding that such facts could not be set up in this cause *against the plaintiff*, and in excluding the evidence.

The defendant also objected that the plaintiff could not recover in the absence of Johnson as a party. The pleadings disclose nothing showing Johnson to be a necessary party, unless the facts stated in the answer show it. The plaintiff simply alleges the assignment of the bond to it. When the assignment was produced, upon the trial, it appeared that it

---

was made as collateral security for any and all debts and liabilities Johnson owed or was under to the plaintiff, and to cover future debts. When the debts were paid and the liabilities discharged, the assignment was to be void. This, and the facts stated in the answer, show that Johnson would have been a proper party. · (*See Code,* §§ 117, 118, 122.) By the latter section the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or .by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. In the present case, if the defense is established, the court can dismiss the complaint; but such judgment would not determine the controversy between the defendant and Johnson, the plaintiff's assignor, nor would it affect the state of the account between the plaintiff and Johnson. I certainly doubt whether this is not a case in which, if the defendant proves his defense as alleged in the answer, it will not be necessary to stop and bring Johnson in as a party. But it is not now necessary to pass upon this question. The judgment must be reversed, and there must be a new trial, costs to abide the event.

[ERIE GENERAL TERM, May 16, 1859. *Greene, Marvin* and *Davis,* Justices.]