## HOWARD *a.* FARLEY.

*New York Superior Court; Special Term, January,* 1865.

### JUDGMENT ON PENAL BOND.

Under the Code, judgment on a bond conditioned for the payment of money, should be for the amount actually due thereon, and not, as under the former practice, for the penalty.

This action was brought by Hester Mary Howard, on a bond made by the defendants Terence Farley and Michael Treacy, in the penalty of seven thousand six hundred dollars, conditioned to pay three thousand eight hundred dollars on the 21st day of May, 1865, with interest payable semi-annually. The complaint alleged that six months' interest became due on the 21st of November, 1864, and now remained unpaid, whereby the condition of the bond became broken, and the defendants be-

came liable to pay the sum of seven thousand six hundred dollars, for which judgment was demanded.

The defendants by their answer admitted that the sum of three thousand eight hundred dollars, with interest thereon from May 21, 1864, was due and unpaid on the bond, and denied that they had become liable to pay the sum of seven thousand six hundred dollars, as claimed in the complaint.

*Gouverneur Tillotson*, for the plaintiff.

*Martin L. Townsend*, for the defendants.

MONELL, J.—The only question in this case is, whether the judgment should be for the penalty or the condition of the bond. In debt on bond under the fromer practice, the judgment was for the penalty, but execution could issue only for the sum due by the condition. I think the Code has changed the practice; and that the judgment should no longer be for the penalty, but for the condition. One of the ends aimed at and attained by the codifiers, was the removal of all fiction from pleadings and proceedings in civil actions. Hence, it is required that the complaint shall state the facts constituting the cause of action; and in actions for the recovery of money, the amount claimed must be stated. The penalty of a money-bond never was recoverable. The judgment was in form merely, and the recovery could be for the condition only. In stating the facts, the condition and its breach must be alleged, with a statement of the amount due; and the amount due only can be demanded. Could a plaintiff verify a complaint, claiming the penalty to be due, and demanding judgment therefor?

In actions upon instruments for the payment of money only, it is sufficient to give a copy of the instrument, and to state that there is due thereon a specified sum, which the plaintiff claims. (*Code*, § 162.) In such a complaint would it be good pleading to aver that the penalty was due, and claim it?

Before entering judgment, on the failure of the defendant to answer, if the complaint is not verified, it is the duty of the clerk to assess the amount due to the plaintiff, and to enter judgment for the amount so assessed. (*Code*, § 246, subd. 1.) Under this section of the Code, the clerk could not be authorized to enter judgment for the penalty; he could only assess

the amount due by the condition. The sections of the Code to·
which I have referred, illustrate the difficulty of continuing
the old form of judgment for the penalty.

To allege that the penalty was due would not be true. The
complaint could not be verified, and the clerk could not enter
judgment for it. The design of the new system was to as-
similate all actions, and to require the truth to be stated in
pleadings.

It would be difficult to state any reason for the former prac-
tice. It was a mere necessity of the old action of debt. In
abolishing all forms of pleading, and requiring the facts to be
stated, the Code has made no exceptions, and I can see no
reason for continuing a useless form, when the spirit of our
present system is to arrive at the substance of things. The case
of Western Bank *a.* Sherwood (29 *Barb.*, 383), holds that the rule
is not changed. This, however, is mere dictum, no reason what-
ever being assigned or authority furnished; and it seems to
me, to be opposed to the entire scope and meaning of the
present system of pleading; in conflict with its spirit, and as
defeating the fundamental design of the law.

Judgment must be entered in favor of the plaintiffs for the
amount due by the condition of the bond, namely, the interest
from May 21, 1864, to November 21, 1864, with costs.