### HAGOOD *v.* BLYTHE *et al.*

*(Circuit Court. D. South. Carolina.* January 11, 1889.)

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY.
    In order to discharge a surety short of payment of the debt there must be some dealing between the creditor and the principal changing the cause of action, or suspending the right of action.
2. UNITED STATES MARSHAL—BOND—JUDGMENT.
    When a private person brings suit against a marshal and his sureties on his official bond for official default, the judgment should be, not for the penalty, but for his damages legally assessed. Such suit, and the judgment thereon, are for his sole use. Rev. St. U. S. §§ 784, 785.

*(Syllabus by the Court.)*

At Law. Action on marshal's bond.
*Mitchell & Smith,* for plaintiff.
*Barker, Gilliland & Fitz Simons* and *Brawley & Barnwell,* for defendants.

SIMONTON, J. Action at law on a marshal's bond, against him and his sureties. A trial by jury waived. Complaint alleges the collection by the United States marshal of certain costs due plaintiff as clerk of the court in *Furr* v. *Chick,*—$187.75; the failure to pay the same to plaintiff; and demands judgment on the penalty of the bond. The collection of the money in July, 1883, by Blythe, marshal, and the failure on his part to pay it over, have been proved, except as to the sum of $12.32, which should be credited on the claim. The answer on behalf of the sureties sets up certain dealings between the plaintiff and Blythe, which they claim discharge them. It appears from the evidence that in July, 1883, Blythe was removed from office as marshal; that he called on the plaintiff and told him that he had collected these costs, but that he was put to such heavy expenses attending the removal from his office, such as paying house-rent and other charges, that he was compelled to use the money. He promised, however, to pay it as soon as he returned to his home in the interior of the state. It does not appear what reply plaintiff made to this. This suit began 25th February, 1887.

In order to discharge a surety short of the payment of the debt there must be some dealing on the part of the creditor and the principal changing the cause of action, or suspending the right of action. Perhaps, in a court of equity, unreasonable and inexcusable delay on the part of the creditor, working injury to the surety, may operate so as to discharge him. In this court there must be a contract to give time; that is, an agree-

ment based upon consideration binding on the creditor. Mere delay, without such a contract, will not discharge the sureties. *Hunt* v. *U. S.*, 1 Gall. 32; *Locke* v. *U. S.*, 3 Mason, 446; *King* v. *Baldwin*, 2 Johns. Ch. 559; 2 Amer. Lead. Cas. 105. If delay be relied on it must be shown to have operated as an injury to the surety. *Hampton* v. *Levy*, 1 Mc-Cord, Eq. 107; *Smith* v. *Tunno*, Id. 443. In this case there was delay on the part of the plaintiff, but nothing in the shape of an agreement to give time appears. No evidence whatever is offered showing that the sureties have been injured by the delay. They are not discharged, and plaintiff is entitled to a verdict against them, as well as against their principal. There is no evidence of any demand, however, on the part of the plaintiff. He will be allowed interest on his claim, but as against the sureties he can get interest only from the date of the filing of the summons in this case,—25th February, 1887. *U. S.* v. *Curtis*, 100 U. S. 119.

The more difficult question is as to the form of the judgment. Shall it be for the penalty of the bond? Or shall it be for the sum allowed above with interest? In South Carolina, before the adoption of Code of Procedure, it was the practice to sue the official bond of the public officer either in the name of the state or of any person injured by act of the officer. If the verdict was against the defendant, judgment was entered on the penalty. Inasmuch as suit could be brought by any party aggrieved, (6 St. at Large, 384,) all existing suits were consolidated, and the judgment for the penalty inured for the benefit of such consolidated suits without priority between them, (*Treasurers* v. *Bates*, 2 Bailey, 379, 1 Hill, S. C. 409; *Mitchell* v. *Laurens*, 7 Rich. Law, 111.) The judgment for the penalty is entered as security for the several sums assessed for breaches of the condition. This judgment takes priority over any judgment subsequently obtained against the defendants, even though the assessment of damages be made on a suggestion subsequent to the second judgment. *Norton* v. *Mulligan*, 4 Strob. 357.

In *State* v. *Moses*, 18 S. C. 366, decided after the adoption of the Code, the action was in the name of the state, verdict for the penalty, judgment accordingly. On appeal it was held that it was proper in cases of this kind—that is, in suits by the obligee of the bond (the state)—to take a verdict for the penalty, and to enter judgment on the penalty for the obligee for the benefit of all parties injured by breach of the condition of the bond. That thereupon, to avoid a multiplicity of suits, and secure equality among claimants, an order should be published requiring them to come in by a day certain, prove damages, and obtain a share in the proceeds of the execution. The counsel for the plaintiff in this case presses upon the court that this is the practice we must observe under section 914, Rev. St. U. S. This case of *State* v. *Moses* goes beyond the cases cited above of *Treasurers* v. *Bates*, *Mitchell* v. *Laurens*, and others. These consolidated existing suits, and brought them into one judgment on the bond. *State* v. *Moses* invites the presentation of claims not yet in court. There is but one case pending on this marshal's bond besides this. That is *U. S.* v. *Blythe*. In it the prayer is not for the penalty, but for the breach

of the bond. It was said at the hearing that there are other claims not yet sued. *State* v. *Moses* was decided by a court which can administer at the same time and in the same pleadings legal and equitable relief. In order to avoid a multiplicity of suits, and equitably administer assets, it can give judgment, call in creditors, and distribute a fund *pro rata*, if need be. I have serious doubts if this court, as a court of law only, can administer this relief, and if the practice so laid down can be followed. Congress has legislated on this subject. Rev. St. §§ 784, 785. Let us compare them with the statute law of this state.

The cases in South Carolina proceed under act 6, St. at Large, 384, reproduced in the General Statutes, § 450. It is in these words: "The bond of any public officer in this state may at all times be sued on by the public, any corporation or private person aggrieved by any misconduct of any such public officer." All that the person aggrieved has to do is to apply for a certified copy of the bond, to which he is entitled by right. Upon this act the case of *Treasurers* v. *Bates* built up the practice, almost by way of legislating upon it. *Norton* v. *Mulligan*, 4 Strob. 357. The language used by congress in giving the relief is more full and precise. Sections 784, 785, Rev. St. It is to be regretted that in the construction of these sections we can obtain but little aid from judicial decisions.

Of the cases cited in argument, *Wetmore* v. *Rice*, 1 Biss. 237, in which judgment was entered for the penalty of the bond, really decides that suit can be brought in the United States courts by a party in his own name, and without regard to citizenship. Everything else is *obiter dictum*. *U. S.* v. *Davidson*, Id. 433, decides that suit may be brought in the name of the United States or of the private person. *Adler* v. *Newcomb*, 2 Dill. 45, simply lays down the doctrine that judgment must be for the amount recovered, and not for the penalty. In *Cox* v. *U. S.*, 6 Pet. 172, the claim was for $15,000, but judgment was for the penalty $20,000. It was held erroneous. In *Farrar* v. *U. S.*, 5 Pet. 373, the judgment was for the breach, which exceeded the penalty. It was set aside. We must therefore construe the sections for ourselves. Section 784 says, in case of a breach of a condition of the marshal's bond "any person thereby injured may institute in his own name, and for his sole use, a suit on said bond, and thereupon recover such damages as shall be legally assessed, with costs of suit, for which execution shall issue in due form." The suit may be "in his own name," that is to say, it need not be in the name of the United States, and it must be for his sole use. If so brought, no one else can come in. The results of the suit are his own. Therefore the section provides that he shall recover, not the penalty of the bond, but such damages as shall be legally assessed. The execution issues "for these damages so assessed." As the execution is the mode provided for enforcing and satisfying the judgment, (2 Tidd. Pr. 993,) when this execution—which is for the damages so assessed, and costs—is paid, the judgment itself is satisfied.

Section 785 provides "that the said bond shall remain after any judgment rendered thereon as security for the benefit of any person injured

by the breach of the condition of the same until the whole penalty has been recovered; and the proceedings shall always be as directed in the preceding section,"—that is to say, such injured person may bring suit on the bond notwithstanding the judgment already had on it, in his own name, for his sole use, and may recover such damages as shall be legally assessed, "such suits to continue until the whole penalty is recovered," —that is, until the sum total of the recoveries equals the penalty. If the suits "shall continue until the whole penalty is recovered" it is clear that the whole penalty is not recovered in the first suit. In the case of *U. S.* v. *Curtis*, 100 U. S. 119, action was brought on the bond of a paymaster, and breach assigned, was the default in $3,320.83, and interest. Verdict and judgment were for the breach, and not for the penalty. In New York it is said that on an official bond judgment shall be for the damages, and not for the penalty. *O'Connor* v. *Such*, 9 Bosw. 318; *Howard* v. *Farley*, 18 Abb. Pr. 260. In South Carolina, in courts whose civil jurisdiction is limited to $100 and under, a judgment can be had on the condition of a bond if the judgment be under $100, although the penalty greatly exceed that amount. Code, § 74.

Construing these sections, therefore, I am of the opinion that a person aggrieved by the action of the marshal may sue on his bond in his own name, or the suit may be in the name of the United States. If the suit be in the name of the United States, the judgment is for the penalty; and, as the United States holds the bond for the protection of all concerned, it may be that the judgment may remain as security for any person aggrieved, who may come in under it, and suggest his interest. This would be the procedure under the practice in this state. *Treasurers* v. *Bates*, 2 Bailey, 362; *Norton* v. *Mulligan*, 4 Strob. 356. If, however, the suit be brought in the name of a private person, it is for his sole use. His recovery is the damages legally assessed, and for this he issues his execution. Let plaintiff have judgment against each surety in the sum of $175.43, with interest from the 25th day of February, 1887, and costs.