22b 143
12ap 81
22b 143
26ap552

PATTISON *vs.* RICHARDS.

In an action brought against the defendant to recover damages for diverting the water of a stream from the plaintiff's land, by cutting ditches on the defendant's land, above the plaintiff's lot, the defendant cannot set up as an equitable defense, the violation or non-performance by the plaintiff of an agreement between the parties, relative to the deepening of the channel of the stream through their respective lands, made four years prior to the alleged diversion of the water by the defendant; there being no connection between the agreement and the cause or subject of the action.

Neither can such agreement be set up as a counter claim, or set-off, or by way of recoupment of damages.

In an action for a tort, previous to the code of 1852, set-offs were not allowed; nor are set-offs in actions for torts now allowed as counter claims, under the 2d sub. of sec. 150 of the code of 1852.

Counter claims, under the code of 1852, embrace both set-offs and recoupments, as they were understood prior to that code.

THIS action was tried before Judge CADY, at the Warren circuit, in May, 1851. It was commenced on the 28th of July, 1849. The plaintiff, in his complaint, stated that the defendant had diverted the water of a stream or water course which had run and flowed for upwards of 25 years from the lands of the defendant, on to and through the lands of the plaintiff, by cutting ditches on each side of such stream on the land of said defendant, and above the plaintiff's lot; for which the plaintiff demanded judgment for the damages sustained by means of such diversion. The defendant denied any wrongful diversion of the water of such stream, and set up, by way of defense, an agreement between the plaintiff and defendant, by which they, for the purpose of draining a marsh on the lands of both plaintiff and defendant through which said stream ran, agreed to and with each other as follows : The defendant agreed to dig out the channel of said stream, three feet deep on his lot, to the plaintiff's line, and was to have the right to ditch and drain his portion of the said marsh by digging ditches along the sides of said stream, &c. And the plaintiff agreed to dig out the bed of such stream from his line, to the same depth, to a distance on his lot sufficient to carry off the water freely through the channel to be dug by the defendant; and the defendant alleged that

he dug out the channel across his lot, according to the agreement; but that the plaintiff neglected to continue the channel by digging out the bed of the stream on his land, and allowed the bed of the stream to become filled up, by reason whereof the waters of the stream were stopped from running off freely, and set back on to the defendants land and ran in ditches dug by the plaintiff and defendant, &c.

On the trial the plaintiff proved the diversion of the water of the stream from his lot by means of ditches dug by the defendant on his land, on each side of the stream, to a depth lower than the water naturally flowed in the channel of the stream. It was proved that the plaintiff relied upon this stream to supply his house, and the upper part of his farm, with water. The side ditches on the defendant's land, which diverted the water, were dug by the defendant in 1846. The defendant proved that in 1842, while he was digging out the channel of the stream, on his own land, to the depth of 3 feet, the plaintiff said to the defendant that if he would dig out the brook to the plaintiff's line, he (the plaintiff) would continue it across his lot; that the defendant accepted the proposition, and continued the excavation of the channel to the plaintiff's line. There was a conflict in the evidence whether, if the stream had been dug out to the depth of 3 feet across the plaintiff's lot, all the water which naturally ran in the stream would have passed over and across the plaintiff's land, notwithstanding the side ditches of the defendant. The judge charged the jury that the agreement proved by the defendant was no defense to the action; and that if they believed any water had been diverted for purposes other than those for which the water of a running stream may be lawfully diverted from its natural course, on the plaintiff's land, by the ditches of the defendant, they should find a verdict for the plaintiff. And he refused to charge the jury, that if the plaintiff had not fulfilled the agreement on his part, and that if he did not get his full supply of the water of the stream in consequence of such non-fulfillment by him, he could not recover. The jury found a verdict in favor of the plaintiff for $125 dam-

ages. Upon this verdict judgment was entered, and the defendant appealed to the general term of this court.

*Geo. Richards*, for the appellant.

*W. A. Beach*, for the respondent.

*By the Court*, Paige, J.   I see no error in the charge of the judge who tried the cause. The agreement proved on the trial and claimed by the defendant to be an equitable defense to the plaintiff's action, was made in 1842. The acts of the defendant, viz. the digging of the ditches on his land, by means of which the water of the stream was diverted from the plaintiff's land, for which this action was brought, were done in 1846. The agreement proved has therefore no connection with, or relation to, the digging of the ditches, which caused the injury to the plaintiff. The variance between the agreement as proved and the one set up in the answer is essential and material. The answer having been put in under the code of 1849, it must be construed according to the rules of pleading established by that code. But if the code of 1852 applied, the agreement proved on the trial could not be set up as a counter claim, as it had no connection with or relation to the acts of the defendant of which the plaintiff complains. It is not embraced by the definition of a counter claim in the code of 1852. It is not a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (*Code, sec.* 150, *sub.* 1.   10 *How. Pr. Rep.* 377, 381, 2.)   The agreement could not have been set up by way of recoupment of damages. A defendant, previous to the code of 1852, could only claim a recoupment where his demand against the plaintiff arose out of the same contract or transaction which was the subject of the plaintiff's action. (3 *Hill*, 174.)   Nor can the defendant claim damages for breach of the agreement, as a set-off, either under the revised statutes or the code as it stood previous to its amendment in 1852 ; as the plaintiff's action is for a tort. In such an action, previous

to the code of 1852, set-offs were not allowed; nor are set-offs in actions for torts now allowed as counter claims, under the second sub. of sec. 150 of the code of 1852. Counter claims, under the code of 1852, embrace both set-offs and recoupments as they were understood prior to that code. The answer in this case does not claim the benefit of the agreement either as a counter claim, as a set-off, or by way of recoupment. It sets it up only as an equitable defense to the plaintiff's action. It cannot be received as such, because it has no connection whatever with the cause or subject of the plaintiff's action. It having no connection with the tortious act of the defendant, of which the plaintiff complains, no principle of equity will justify the court in receiving it, either as a full or a partial defense to the plaintiff's cause of action. If the agreement is a valid agreement under the statute of frauds, and the plaintiff has violated his part of it, and the defendant has a remedy against him for such violation, he must seek that remedy in a separate suit. It cannot be accorded to him in this action. The diversion of the water of the stream from the plaintiff's land, by the defendant, in order to drain his own land, was not a lawful or reasonable use of his right to the usufruct of the water as it passed over his land. (10 *Barb.* 518. 2 *John. Ch.* 162. 10 *Wend.* 260. 17 *Barb.* 659. 17 *John.* 306.)

The judgment must be affirmed.

[CLINTON GENERAL TERM, May 6, 1856.  *C. L. Allen, Paige, James,* and *Rosekrans,* Justices.]