## LA FARGE *a.* HALSEY.

*New York Superior Court; General Term, May,* 1857.

### EVICTION.—RECOUPMENT BY SURETIES.

A surety cannot, in an action against him by the creditor of his principal, recoup or set-off a claim to damages in favor of his principal against the creditor, although such claim might be a defence in an action against the principal.

Nor can the facts constituting such claim be plead by way of showing that the principal was not liable to the plaintiff.

The surety has no right to make use of a cause of action existing in his principal as a defence; but if compelled to pay the debt guarantied, he must seek reimbursement from his principal, and leave the principal to seek recourse against the creditor.

Whether in such a case, if the principal be insolvent or colluding with the creditor, the surety may cause the principal to be brought in as a party, or may have proceedings stayed until the plaintiff has litigated the matter with the principal—*Quere ?*

Appeal from order at special term sustaining the plaintiff's demurrer to the third defence contained in the answer.

La Farge *a.* Halsey.

*Ira D. Warren,* for the appellant.

*H. A. Cram,* for the respondent.

By the Court*—Woodruff, J.—This action is brought against the defendants as sureties for the payment by Laura Keene of the rent of the Metropolitan Theatre, which was let by the plaintiff to the said Laura Keene from the 17th day of December, 1855, to the first day of September, 1856, at the rent of $400 per week, payable in advance, on Monday of each week; and recovery is sought for the rent of four weeks, which became due on the 30th day of June, the 7th, 14th, and 21st days of July respectively, amounting to $1600, which the complaint alleges to be in arrear and unpaid.

The agreement by which the premises were let and taken provides, among other things, that if the rent be not paid the lease shall terminate, and the plaintiff may resume the possession of the premises. The agreement further provides that " in case the said Laura Keene shall be in possession of the demised premises on the 1st day of September, 1856, and *shall have paid the rent in full,* and performed the other covenants herein contained, she shall *be entitled to retain* the theatre for three or five years longer at the same rent and upon the same conditions, provided she shall have given said La Farge, on or prior to the first day of May, 1856, written notice of her intention to take said premises for three or five years from the first day of September, 1856."

The defendants admit that they are sureties for the payment of the rent as set forth in the complaint.

The first defence consists of a denial that the plaintiff performed his covenants, and a denial that there is any rent due or owing from their principal.

The second defence sets up a tender, by the said Laura Keene, of the rent which became payable on the 30th of June, and the 7th and 14th of July respectively, amounting to $1200, and that the plaintiff refused to receive the same.

It is unnecessary to notice these defences further, since they are not demurred to; and in determining the sufficiency of the third defence we are to consider it as the defendant has chosen

---

* Present, Duer, Bosworth, and Woodruff, JJ.

to set it up, viz., " as a separate and distinct defence" to the whole cause of action.

This third defence (which is demurred to) consists of allegations that (at some time not stated) Laura Keene called on the plaintiff in relation to the notice required by the terms of the lease, for the purpose of continuing or extending the same for a longer term than one year;—that the plaintiff then *waived* such notice, and *agreed* that she should continue in possession of said theatre upon the same terms, &c., without serving any written notice; that relying upon said agreement, she entered into numerous engagements with members of her company at large weekly salaries, agreeing to open said theatre in September, 1856, and that by reason of the conduct of the plaintiff, hereinafter set forth, she was unable to fulfil such engagements, and thereby sustained great damages; and that relying on the said *agreement* she expended large sums in alterations, and making permanent and valuable improvements on the premises of the value of $10,000; and finally, that afterwards, and *in the month of July*, the plaintiff, in violation of his agreement and in violation of the covenants of said lease, took possession of said theatre against the wishes and without the consent of the said Laura Keene, and for the first time informed her that he had changed his mind, and that she could not have said theatre for any longer time: by reason of which conduct of plaintiff, and his violation of his *agreement aforesaid*, she sustained damages, in loss of scenery, alterations, &c., and by reason of being unable to fulfil the engagements so made as aforesaid, to the amount of $10,000, which sum, or so much thereof as may be sufficient to cancel any claim the plaintiff may establish at the trial, the defendants ask to *recoup* and *set-off*, &c.

The counsel for the defendants upon the argument of the appeal (taken from the order of the special term sustaining the demurrer to the third defence) concedes in express terms in the written points submitted, that he does " not say that we (the defendants) have a right to off-set or recoup the damages which Laura Keene has sustained. But we do say that we are entitled to all the facts alleged in the part of the answer demurred to for the purpose of showing that Laura Keene is not indebted to La Farge, and therefore the defendants as her sureties are not liable."

It is quite clear that upon the *facts alleged* in this part of the answer, Laura Keene herself has no defence unless it be by way of recoupment or counter-claim. The only fact here alleged, which is charged in the answer as a violation of the covenant in the lease (to which the defendants became bound as sureties), is that the plaintiff, in the month of July, 1856, took possession of the theatre against her wishes and without her consent. Giving this averment the construction most favorable to the defendants, by conceding that this sufficiently alleges an eviction, still it is not alleged that this took place before the rent for which the action is brought became payable: indeed, the averment is quite consistent with an assumption that the plaintiff took lawful possession (in pursuance of the right to re-enter reserved to him in the lease) for non-payment of the very rent for which the action is brought. An eviction only suspends the rent, or excuses the tenant from the payment of rent thereafter accruing. Rent which has already accrued, and become payable before the eviction, may be collected. In an action to recover such rent, the only use which Laura Keene could herself make of such subsequent eviction would be by way of recoupment of her damages sustained thereby.

As to the alleged breach of the other agreement, by which it is stated that the plaintiff agreed to permit her to remain in possession :—In the first place, it is not alleged that this was the extension of her term for either *three or five years*, for which, upon certain conditions, the lease provided, but only that, on her calling upon him for the purpose of continuing the lease for *a longer term than one year*, he agreed that she should continue in possession upon the same terms and conditions mentioned in said lease. To this agreement it is not alleged that the defendants were parties or privies.

The breach of this agreement, if any breach were sufficiently alleged, would be no discharge of the rent accrued upon the lease itself; at most, it would be a cause of action founded on contract, which, under section 150, subd. 2, Laura Keene, if defendant, might or not at her election use as a counter-claim. She might, if she preferred, bring a separate action for the damages sustained by such breach. In this aspect of the agreement, all that is alleged concerning her expenditure, and her damages sustained by her inability to fulfil engagements with others,

amount only to a counter-claim, even if it be conceded that what are called damages arising from such inability could in any form be allowed to her.

And in the next place, if, upon a very latitudinarian construction of the averment, we should assume that the pleader meant that the plaintiff waived written notice, and consented to the extension of the lease for three or five years, as provided in the lease itself,—still, as the alleged breach of this agreement is not alleged to have been committed before the rent sued for became payable, it remains as before a mere matter of recoupment or counter-claim. When the rent became payable, a complete cause of action became vested in the plaintiff. His right to the rent was perfect, and without *defence*, strictly so called. Any subsequent breach of even the same agreement could only be availed of by way of recoupment in abatement from, or extinguishment of, his clear legal demand.

And again, inasmuch as the lease did not provide for any such extension, unless the rent was paid in full, and the alleged parol agreement is alleged to warrant her continuance in possession, and waive the written notice only on the same terms and conditions as were expressed in the lease, it follows that as the defendants have not alleged that the rent was paid in full down to the time of this alleged breach, they have failed to show that, even by way of recoupment, Laura Keene could claim any thing. They have thus failed entirely to show that this agreement was ever broken by the plaintiff.

If, therefore, there is any thing in this defence which could avail their principal had she herself been the defendant, it would at most be the allegation that during the term the plaintiff took possession against her will; and if in this she had sufficiently shown an eviction, she might recoup the damages sustained thereby. It has already been suggested that enough is not alleged to amount to a wrongful eviction. It is not stated that the rent to that time had been paid; and if not, the plaintiff had a right, by the very terms of his lease, to re-enter, although against her will, and might have enforced his right to resume possession by legal proceedings, if his entry was resisted, or the possession insisted upon by her.

Finally, if by reason of any fact stated as a part of this defence, Laura Keene might have set up a counter-claim or recoup-

ment, these defendants cannot. She has assigned no such claim to them, and without that they have no right to use what is in her a distinct cause of action, nor to use any part of it for their own benefit. If they are compelled to pay the rent, they must seek reimbursement from her, and she will have her recourse to the plaintiff for any damages she has sustained. That claim for damages these defendants have no right to diminish nor impair; and if she were to prosecute such claim, nothing done or proved by these defendants in this action, could be permitted to diminish her recovery.

Whether sureties, by presenting a claim to use such a defence as a recoupment in right of their principal, where their principal is insolvent, or is colluding with the plaintiff to their prejudice, or where other grounds for equitable relief are shown, may cause their principal to be brought in as a party, or may have proceedings stayed until the plaintiff has litigated the matter with their principal, or may have equitable relief in any form, it is unnecessary to say. No such case is here presented.

In every view of the subject, the order appealed from must be affirmed.