## DUNCAN and others, Trustees, *vs.* STANTON & RUGER.

An insurance company, located in Philadelphia, entered into an agreement with the plaintiffs, whereby, for the purpose of extending and more firmly establishing the business of insurance in the city of New York, it agreed to provide and set apart in the hands of the plaintiffs, as trustees, a fund to be formed by the premium notes and cash premiums received by said company, for insurances to be effected by them in New York, to the amount of $100,000; which fund was to be held by the plaintiffs for the payment of all losses under such insurances, and for no other purpose. Subsequently the company, through the plaintiffs as their agents, effected numerous insurances, in New York. Among others, the defendants gave a note to the company, for premiums on policies issued by the company; which note was duly indorsed to the plaintiffs for the purposes of the trust. In an action by the plaintiffs, as trustees, upon the note; *Held* that until all insurances effected by the plaintiffs as agents of the company were discharged, the company could not reclaim from the plaintiffs any of the securities assigned to them; and that no creditor of the company had any right until that time, to have his claim against the company paid from such notes, or their proceeds.

Accordingly *held*, that in such action upon the note, the defendants could not set up as a counter-claim, a claim held by them against the insurance company, for a loss under a policy.

THIS case came before the court on an appeal from a judgment rendered by Justice CLERKE, in May, 1858. The action was brought to recover the amount of a note for $66.25, made by the defendants on the 19th of March, 1856, payable to the Farmers and Mechanics' Insurance Company, three months after date, and indorsed to the plaintiffs before the same became due. On the trial, the defendants claimed a right to set-off against said note, damages due from the Farmers and Mechanics' Insurance Company of Philadelphia, for losses under a policy of insurance effected with them by the defendants. This set-off was allowed, and exception taken by the plaintiffs. The admission of this evidence presents the single point in this case. The note was passed to the plaintiffs under the following circumstances: In December, 1855, the Farmers and Mechanics' Insurance Company of Philadelphia entered into an agreement with the plaintiffs, whereby, for the purpose of extending and more firmly establishing the business of insurance in the city of

Duncan *v.* Stanton.

New York, the company agreed to provide and set apart in the hands of the plaintiffs, as trustees, a fund to be formed by the premium notes and cash premiums received by said company, for insurances to be effected by them in New York, to the amount of $100,000 ; which fund was to be held by the plaintiffs for the payment of all losses under such insurances. This fund was to be held for no other purpose whatever, and could not be withdrawn from the plaintiffs by said company, so long as said trust should continue in force, except for the payment of losses applicable under the trust. And by said trust agreement, the plaintiffs were to have the right to retain out of any money or premium notes which might come into their hands, all costs, charges, expenses, disbursements, and fees, which they might be called upon, or be liable for, or be obliged to pay, for or by reason of the execution of this agreement, or the trust thereby created, and also a commission of one per centum upon the gross amount of money and premium notes that might be received by them respectively, under and by virtue of said trust. Subsequent to said agreement, the company proceeded to effect numerous insurances in New York ; and in the course of such business, the defendants, for premiums of insurance effected by said company, gave the note on which this action is brought, and said note was thereupon duly indorsed to the plaintiffs by the company for the purposes of said trust, and the said note was one of several in like manner transferred to the plaintiffs under said agreement. A number of policies had been issued by said company at their New York agency, which were (at the trial) still outstanding and unsettled.

The note in suit, with interest, amounted to $79.99. The judge found, among other facts, that under insurances effected by said company, for the defendants, and for which the said note was given as the premium, the defendants met with losses amounting to $80.

Duncan *v.* Stanton.

*Van Buren & Burnham,* for the appellants.

*Gilbert Dean,* for the defendants.

*By the Court,* INGRAHAM, J.   1. The title to a promissory note may be made by mere delivery, without any written assignment; and the delivery of the note in suit to the plaintiffs, by the authority of the Farmers and Mechanics' Insurance Company, vested in the plaintiffs the legal title to the note.

2. The object of the transfer was to place under the control of the plaintiffs, as trustees, a fund to be held by them in trust for the payment of all losses on insurances to be effected with the plaintiffs, as agents for the company. The object was to secure all subsequent insurances made by the plaintiffs, and the pleadings admit that as such agents the plaintiffs effected numerous insurances.

3. The plaintiffs thereupon became trustees for all persons holding policies so effected, and were bound to respond to any person insured who should sustain loss. For this purpose, they were bound to hold the assigned property as well against the company as against all other parties.

4. It follows from these propositions, that until all insurances so effected were discharged, the company could not reclaim from the plaintiffs any of the securities assigned to them; and if the company could not reclaim them, no creditor of the company had any right to have his claim against the company paid from such notes or their proceeds.

The creditor could have no claim, until the company was in a condition, by the fulfillment of the trust, to demand from the plaintiffs a redelivery of the securities placed in their possession; and until the trust was so fulfilled, the defendants having a claim against the company, even in judgment, could not obtain satisfaction out of this property. If these propositions are correct, then the defendants could not set up, as a counter-claim to the notes, a claim held by them against the company.

Duncan *v.* Stanton.

The note was transferred before maturity, and before the defendants had any claim against the company for a loss. The parties insured had, for a good consideration, obtained an interest in that note by way of security, which could not be divested by any subsequent act of the company, except cancelment of all insurances effected by the agents of the company; and the counter-claim offered by the defendants was no defense thereto.

But, independent of these views, the defendants set up no matter constituting a counter-claim in this action. If the plaintiffs had a right to bring this action upon the note, the only counter-claim the defendants could set up was one against the plaintiffs. The code contemplates no other counter-claim; because it provides that in all cases the action shall be brought, in the name of the party in interest, except in the case of an express trust, and in that case no provision is made for any counter-claim.

A defendant, having a demand against an assignor of a claim due at the time of assignment, may show such demand, on the trial, in order to prevent a recovery by the plaintiff against him, but none for an independent recovery against him. Denio, J., says, in *Vassear* v. *Livingston*, (3 *Kernan*, 248,) a counter-claim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant.

All the benefit the defendant in such a case is entitled to, is under the 112th section, and that is limited to a defense existing at the time of the transfer. If none existed then, there is nothing shown on the trial to warrant the allowance of it afterwards.

The counter-claim was improperly allowed. The judgment must be reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, December 13, 1859. *Roosevelt, Clerke* and *Ingraham,* Justices.]