BARHYTE *vs.* HUGHES.

A counter claim is not allowable in an action of *tort*, for a cause arising out of the occurrence set forth in the complaint.

Thus, in an action for an assault and battery, the defendant cannot set up as a defense an assault and battery committed upon him by the plaintiff, just before the time of the assault complained of.

APPEAL from a judgment entered at a special term. The action was for an assault and battery. The complaint was the ordinary complaint in such cases. The answer denied each and every allegation, and set up as a separate defense, "that the plaintiff, just before the time when the said defendant is alleged in said complaint to have assaulted the plaintiff, to wit: on or about the first day of August, in the year 1858, on the Eleventh avenue, between Thirty-eighth and Thirty-ninth streets, in the city of New York, did, with great force, make an unprovoked and violent assault upon this defendant, by pushing, pulling, beating, bruising, striking and kicking him, this said defendant, without cause or provocation ;" wherefore the defendant claimed damages against the plaintiff for the sum of $3000, besides costs. No replication was put in. The action was tried at the New York circuit, in December, 1859, before a justice of the court and a jury. At the close of the testimony, the justice charged the jury, among other things, that in no view of the case, could the defendant recover damages against the plaintiff in this action. That in no case of assault and battery, could the defendant recover against the plaintiff, under the code. That a cross-action must be brought by him, and that he could not recover by a counter-claim in his answer. To which portion of the charge the defendant's counsel excepted. The jury found a verdict for the plaintiff for .$200, and from the judgment entered thereon the defendant appealed.

*Dewey & Savage,* for the appellant.

*H. C. Place,* for the respondent.

Barhyte *v.* Hughes.

*By the Court,* CLERKE, J.   This is an action for an assault and battery.   The answer denies each and every allegation in the complaint, and sets up as a separate defense, "that the plaintiff just before the time when the defendant is alleged in said complaint to have assaulted the plaintiff, made an unprovoked and violent assault upon the defendant by beating, striking and kicking him, without cause or provocation."

Supposing this matter to be properly alleged as a counter-claim, the question arising in this case is, whether a counter-claim is allowable in an action of *tort,* for a cause arising out of the occurrence set forth in the complaint.

Before the adoption of the code, no claim could be affirmatively set up in opposition to that of the plaintiff but what was technically called 1st, a *set-off*, and 2d, a *recoupment*. Neither would have been allowed in an action of *tort*.

The only ground upon which it can be pretended that the code has extended this right to actions of *tort* is, that the first subdivision of section 150, allows a cause of action arising out of the contract or *transaction* set forth in the complaint to be the subject of a counter-claim.   But the introduction of the word *transaction* is scarcely sufficient to warrant us in determining that so radical a change was contemplated by the legislature, as that contended for by the defendant's counsel.   The word "transaction" undoubtedly is one of a very general nature, and of more extensive signification than "contract," but it was frequently employed by the courts in juxta-position with the latter term in referring to or commenting upon the right to *recoup*, and never of course deemed in relation to that subject to signify tortious acts.   Even in popular language no one would speak of an assault or a slander, or false imprisonment, or a cheat, as a transaction.   This word is used in application to some commercial or business negotiation, not to a wrong caused by an act of violence or fraud.   The transactions meant were those, which, although not precisely contracts yet, being dealings

or business matters of some kind, would entitle a party to a remedy in an action *ex contractu*, and would entitle a defendant in such an action to *recoup* any damages for a cause arising out of such dealings or matters. If the legislature intended to extend this right to actions of tort, it would have expressly declared its intention ; but instead of this it has employed no language in relation to a counter-claim which was not before employed in relation to a *recoupment*. The exceptions are all alike untenable.

The judgment should be affirmed with costs.

[New York General Term, February 4, 1861. *Clerke, Sutherland* and *Allen,* Justices.]

