## W. J. MACDOUGALL *v.* THOMAS MAGUIRE.

EVIDENCE IN SUIT FOR ASSAULT AND BATTERY.—In an action to recover damages for an assault and battery, the language of the defendant, while committing the assault, is admissible in evidence for the purpose of characterizing the act, as bearing on the question of malice.

DAMAGE FOR LIBEL NOT A COUNTERCLAIM.—In an action for damages for an assault and battery, a libel published by the plaintiff of and concerning the defendant, does not constitute a counterclaim within the meaning of section forty-seven of the Practice Act.

IDEM.—When a libel is set up in the answer as a counterclaim in an action for an assault and battery, the objection to such counterclaim is not waived by a failure to demur, and evidence to support it is inadmissible.

EFFECT OF TESTIMONY.—When testimony is ruled out by the Court for one purpose but admitted for another, the jury can only consider it for the purpose for which it was received.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action for assault and battery, without any averment of *alia enormia*, or any claim for injury to character. The alleged libel was published one day before the assault was committed. The defendant had judgment, and the plaintiff appealed.

*Henry E. Highton*, for Appellant.

At the trial the plaintiff testified to the particulars of the assault, and was then asked to state the exact language used by the defendant while engaged in its commission. The language was admissible as part of the *res gestæ* and to characterize defendant's conduct, and was improperly ruled out by the Court. (1 Phillips on Evidence, 4th Am. Ed., 185, *et seq.;* 1 Saunders on Pleading and Evidence, 5th Am. Ed. 152, 154; 2 Greenleaf on Evidence, 2d Ed. 76–78, Secs. 88, 89.)

The defendant pleaded as a counterclaim, and not by way of justification or mitigation of damages, a libel alleged to have been published by the plaintiff concerning the defendant, the day before the assault. The Court erred in holding that this alleged counterclaim was available to the defendant in this action, and in permitting the plea to be supported by proof, against the objection of the plaintiff. (Practice Act, Secs. 46, 47; *Stoddard* v. *Treadwell*, 26 Cal. 309; *Dennis* v. *Belt*, 30 Cal. 252; *Barhyte* v. *Hughes*, 33 Barb. 320; *Murden* v. *Priment*, 1 Hilt. 75; *Pattison* v. *Richards*, 22 Barb. 143; *Schnaderbeck* v. *Worth*, 8 Abb. Pr. 37; *Fellerman* v. *Dolan*, 7 Abb. Pr. 395, note.)

The Court below expressly held that the facts constituting the alleged counterclaim could not be proved by way of justification or mitigation. Sometimes, however, where testimony is admitted upon improper grounds, the Supreme Court sustains its admission on other grounds. In this case, the libel, having been published *one day* before the assault,

could neither justify nor mitigate the acts of the defendant. Words cannot justify an assault, and can only be given in evidence by way of mitigation when they constitute the *immediate* provocation. The same rule applies to all mitigating facts and circumstances. I ask particular attention to the first case cited, as being nearly identical in its facts with this case. (*Lee* v. *Woolsey*, 19 Johns. 319–321; *Ellsworth* v. *Thompson*, 13 Wend. 663; *Willis* v. *Forrest*, 2 Duer, 317, 318; *Corning* v. *Corning*, 2 Seld. 100, 103; *Keyes* v. *Devlin*, 3 E. D. Smith, 523, 524; *Collins* v. *Todd*, 17 Mo. 537–540; 2 Greenleaf on Evidence, 2d Ed., Sec. 93; Sedgwick on Measure of Damages, 3d Ed., top p. 589, marg. p. 555.)

*Clarke & Carpentier*, for Respondent.

The testimony called for by the plaintiff, if allowed, would have been proof of a *slander*—a separate and distinct cause of action, for which another jury might the next day have been asked to give damages to the plaintiff. The ground urged by the appellant is, that the language used was of the *res gestæ*, and to show the violence of the assault. But the question propounded to the plaintiff by his counsel was too broad for this legitimate purpose, and would have led to evidence of a slander in an action for assault and battery. There would have been no objection to the plaintiff stating that the defendant's manner was violent and his language threatening, and the exact words conveying the threat might have been given, as: " I will break your head," or, " I will take your scalp," or the like, for these would be of the *res gestæ*. But, clearly, to allow proof of such language as: " You are a thief, and stole a hundred dollars out of my pocket," or the imputation of any other high felonious crime, would so enormously enhance the damages in the minds of the jury, that the assault, if not a violent one, would be but a secondary offense, the real *gravamen* being the much more injurious accusation.

Besides, there is another grave objection to the evidence

offered, that it is not responsive to the allegations made, but rather to those which might have been made by the plaintiff in his complaint, but which were omitted by him.    The assault and the defamation forming a part of the same transaction, both might have been joined in pleading and properly litigated in this action.    (*Jones and Wife* v. *Steamship Cortes*, 17 Cal. 487.)

If the plaintiff, having the right to join the two causes of action in the same suit, does not see fit to do so, and prefers to bring two separate suits, does it not shock one's sense of propriety to permit him to prove the facts of both cases, in both suits, and thus to recover double damages in each? For if the slander could be proven in the assault and battery suit, what is to prevent proof of the assault and battery in the slander suit?

Again, if slander can be shown in assault and battery, the defendant must be permitted to establish the truth of his defamatory language to avoid the enhancement of damages on this account, and thus a separate litigation would proceed to the end upon matters not in issue.

Chitty says that "under the allegation of *alia enormia* damages and matters which naturally arise from the act complained of, or cannot with decency be stated, may be given in evidence in aggravation;" and he instances the case of trespass for breaking and entering a house, "in which the plaintiff may give in evidence the debauching of his daughter or the battery of his servants under the general allegation of *alia enormia*, etc., and yet this matter may be stated specially; but he cannot, under the *alia enormia*, give in evidence the loss of service, or any other which would of itself bear an action; for if it would it should be stated specially." (1 Ch. Pl. 398.)

The libel which was the immediate provocation to the assault, might properly have been given in evidence in mitigation of damages, but was ruled out for such purpose by the Court below. But, being received, the jury had a right to take it into consideration in mitigation.

In the case of *Fraser* v. *Berkeley*, 7 Car. & Payne, 621, Lord Abinger admitted evidence of a libel on defendant, published on the first of August, in mitigation of damages for an assault committed three days afterwards. (See, also, *Rhodes* v. *Bunch*, 3 McCord, 66; *Dean* v. *Horton*, 2 McMullen, 147.)

But in this case the defendant also pleaded the matter of the libel by way of counterclaim, and if there were any valid objection to this on the ground of misjoinder, the plaintiff should have demurred or moved to strike out. A counterclaim must be adjudged by the same rules as a complaint. (*Meritta* v. *Millard*, 5 Bosw. 645; Van Santvoort's Pl., 2d Ed. 709.)

A counterclaim is therefore subject to the same objections on demurrer as a complaint, among which is that of a misjoinder of causes of action; that is to say, an attempt to litigate, by way of counterclaim, two incongruous demands, or a matter not subject to be joined and tried with the object of the main action. But if no such objection be taken by demurrer, or by motion to strike out, the other party is deemed to have waived the same. (Practice Act, Secs. 45, 50; *Klink* v. *Cohen*, 13 Cal. 623; *Fry* v. *Bennett*, 5 Sand. 54; Van Santvoort's Pl., 2d Ed. 699.) The fiftieth section of our Practice Act is substantially the same as that in the New York code on the same subject.

By the Court, SAWYER, C. J.:

This is an action for assault and battery. The plaintiff testified as to the assault committed by the defendant, and stated, that, while making the assault, the defendant applied bad language to him. He was then asked to "state the exact language used by Maguire, the defendant, on that occasion." The defendant objected on the ground of irrelevancy, and on the ground that, if the language was slanderous, it would form the subject matter of another distinct

action, and could not be introduced under the pleadings to aggravate the damages, or for any purpose. The objection was sustained and the testimony excluded. Plaintiff excepted. It does not appear what the language was which plaintiff desired to prove. But the language used at the time of making the assault was a part of the *res gestæ*, and such language is admissible in evidence for the purpose of characterizing the act, as bearing upon the question of malice. While matter not pleaded cannot be shown in evidence for the purpose of serving as a basis for special damages, or establishing an independent cause of action, yet malice, or want of malice, may be shown, when exemplary damages are allowable, for the purpose of aggravating or mitigating general damages, and the language used at the time of the assault will ordinarily illustrate the motive and condition of mind of the assaulting party, and characterize the act. Greenleaf states the rule thus : " The manner, motives, place, and circumstances of the assault, however, though tending to increase the damages, need not be specially stated, but may be shown in evidence. Thus, where the battery was committed in the house of the plaintiff, which the defendant rudely entered, knowing that the plaintiff's daughter in law was there sick and in travail, evidence of this fact was held admissible without a particular averment. Nor are the jury confined to the mere corporal injury which the plaintiff has sustained ; but they are at liberty to consider the malice of the defendant, the insulting character of his conduct, the rank in life of the several parties, and all the circumstances of the outrage, and thereupon to award such exemplary damages as the circumstances may in their judgment require." (2 Greenl. Ev., Sec. 89.) And Saunders says : " The plaintiff should prove as many distinct assaults as there are counts, and all the allegations contained therein, by going into the circumstances of his case at length, as to the manner in which the assault and battery was committed, the defendant's conduct and expressions, the degree of vio-

lence used, and the extent of the injury." (1 Saund. Pl. and Ev. 152.)

We think the evidence admissible for the purpose indicated, but not as a ground of special damages, or to prove an independent cause of action.

The defendant, as a substantive, affirmative cause of action, set up, by way of a counterclaim, a libel published by the plaintiff concerning the defendant. After the plaintiff rested, the defendant offered to prove the libelous matter set up in the answer as a special defense and as a counterclaim. Plaintiff objected, on the ground that the facts set up constituted no justification, and were not admissible as matter in mitigation of damages, and on the further ground that the matter did not constitute a counterclaim within the meaning of the provisions of the Practice Act, which the defendant was authorized to set up, or prove, in this action. The Court sustained the objection as to the first two grounds, and excluded the evidence for the purpose of justification, or mitigation, of damages. But the Court was of opinion that the objection on the last ground should have been taken by demurrer, and as the plaintiff had not demurred the objection was waived. The testimony was therefore admitted to establish the counterclaim, and plaintiff excepted to the ruling admitting the testimony. In this respect, also, we think the Court erred. The defendant was authorized by section forty-six to set up "a counterclaim constituting a defense." Section forty-seven defines the term "counterclaim" in the following language: "The counterclaim mentioned in the last section shall be one existing in favor of the defendant or plaintiff, and against a plaintiff or defendant between whom a several judgment might be had in the action, and arising out of one of the following causes of action: First—A cause of action arising out of the transaction set forth in the complaint or answer as the foundation of the plaintiff's claim or defendant's defense, or connected with the subject of the action. Second—In an action arising upon contract. Any other cause of action arising also upon

contract and existing at the commencement of the action."
The matter set up is clearly not a counterclaim, within the
meaning of this provision. (*Pattison* v. *Richards*, 22 Barb.
143; *Murden* v. *Priment*, 1 Hilton, 76; *Barhyte* v. *Hughes*,
33 Barb. 320; *Schnaderbeck* v. *Worth*, 8 Abb. 38.) We do
not think the objection waived by failure to demur. The
ground of demurrer is not a misjoinder of defenses; but it
is, that the matter is not recognized by the law as a defense
to the action. The party may have an independent cause of
action, but it has no relation to the pending action. As it is
not recognized by the law as a defense, we see no good rea-
son why the objection may not be taken at any time. The
cases already cited are authority on this point also. The
question did not arise in either of them on demurrer. In
*Pattison* v. *Richards* the testimony had all been taken, and the
Judge charged the jury that the matter set up in the answer,
and proved, was not a counterclaim within the meaning of
the code, and constituted no defense to the action. This
ruling was sustained on appeal. The Court said "if the
defendant has a remedy against the plaintiff upon the matter
set up, he must seek it in a separate suit." (22 Barb. 146.)
So in *Barhyte* v. *Hughes*, 33 Barb. 321, the action was assault
and battery, and an assault by plaintiff was set up as a coun-
terclaim. There was no replication to the new matter, and
at the close of the testimony the Court charged the jury
that the assault set up in the answer could not be set up, in
any view, as a defense or counterclaim; that defendant
must bring his cross action; and this ruling was sustained
on appeal. In *Schnaderbeck* v. *Worth*, 8 Abb. 38, the ques-
tion arose, as in this case, on objection to the testimony
offered by the defendant. In *Murden* v. *Priment* it does not
appear in what precise form the question was raised.

While the objection might have been taken by demurrer,
we think it was not waived by failure to demur.

It is, however, insisted by respondent's counsel that mat-
ters set up in the answer, if improperly admitted as evidence

36

in support of the counterclaim, were still admissible to show the exciting cause of the assault in mitigation of damages, and, on this ground, there could be no injury. But, if it be conceded that the evidence was admissible in mitigation of damages, it was ruled out for that purpose on objection of respondent, and admitted only in support of the counterclaim, as a substantive cause of action in favor of defendant, and the jury could only have considered it in that aspect.

The consequences may have been very different to the plaintiff. The terms, "aggravation," and "mitigation of damages," relate to the question of exemplary or punitive damages.

Damages, in an independent cause of action in favor of defendant against a plaintiff, are an entirely different matter, and the one is in no respect the equivalent of the other, either in law or as matter of fact, and the error committed cannot be compensated in the mode proposed by respondent.

The propriety of the ruling in excluding the evidence for the purpose of mitigating the damages is not before us on this appeal.

Judgment and order denying new trial reversed and new trial granted.