# N. Y. SUPERIOR COURT.

Louis Chamboret and Eliza Chamboret, plaintiffs and respondents, agt. James Cagney, defendant and appellant.

In an action for unlawfully and wrongfully taking and carrying away certain goods, chattels, household furniture, wearing apparel and jewelry, the property of the plaintiffs, of the value of $4,170, and that the defendant converted and disposed of the same to his own use, to plaintiffs' damage, $5,000. And the answer of the defendant contains specific denials, putting in issue every material allegation of the complaint, and also a *counter-claim* for the recovery of $350, damages alleged to have been sustained by the defendant by reason of the plaintiffs making default in the performance of the condition contained in a chattel mortgage, executed by the plaintiffs to the defendant upon said property, and the defendant, thereupon, took possession of so much of the property as he could find, but plaintiffs had before that time, secreted and removed a part thereof, which could not be found; that it was subsequently discovered that the plaintiffs had no title to a part of the property taken by the defendant, although included in the mortgage, and the same was replevied and taken from the possession of the defendant by the true owners thereof, whereby the defendant sustained loss to the amount of $350, for which amount he demands judgment against the plaintiffs:

*Held*, that this counter-claim is not connected with the trespass upon which the plaintiffs rely, nor can it be claimed that it arose out of the transaction set forth in the complaint, and that it cannot be upheld, without a great stretch of the meaning of the words "subject of the action," beyond their true and proper significance.

*It seems*, that under subdivision 1 of section 150 of the Code, a counter-claim may be interposed in an action *for a tort*, provided such counter-claim arises out of the transaction set forth in the complaint as the foundation of plaintiffs' claim, or is connected with the subject of the action. ( *We think that this dictum cannot be sustained on authority, but on the contrary the authorities that bear on the question are decidedly adverse to this view.*—Rep.)

*General Term, February,* 1870.

*Before* Barbour, *C. J.,* McCunn *and* Freedman, *JJ.*

Appeal from an order of the special term sustaining plaintiffs' demurrer to the counter-claim set forth in the answer of the defendant.

Chamboret agt. Cagney.

The complaint alleged as a cause of action that on September 28, 1868, the defendant unlawfully and wrongfully took and carried away certain goods, chattels, household furniture, wearing apparel and jewelry, the property of the plaintiffs, of the value of $4,170, and that he converted and disposed of the same to his own use to plaintiffs' damage, $5,000. The answer of the defendant contained a series of specific denials, putting in issue every material allegation of the complaint, and also a counter-claim for the recovery of $350—damages alleged to have been sustained by the defendant in the following manner :

That in pursuance of a certain agreement made between the parties in relation to the hiring of certain premises, a certain chattel mortgage upon the goods and chattels described in the complaint, was duly executed and delivered by the plaintiffs to the defendant; that default was made in the performance of the condition contained in the mortgage; that the defendant thereupon took possession, as he lawfully might, of so much of said property as he could find, but that the plaintiffs had, before the said taking, secreted and removed a part thereof, which could not be found; that it was subsequently discovered that the plaintiffs had no title to a part of the property taken by the defendant, although included in the mortgage, and that the same was replevied and taken from the possession of the defendant by the true owners thereof, whereby the defendant sustained loss to the amount of $350, for which amount he demanded judgment against the plaintiffs.

The plaintiffs demurred to the counter-claim contained in the answer for insufficiency in not stating facts sufficient to constitute a counter-claim.

The demurrer was sustained at special term, and the defendant appealed.

Elias J. Beach, *for appellant.*

J. C. Gray & J. A. Davenport, *for respondents.*

Chamboret agt. Cagney.

*By the court,* FREEDMAN, J.—The facts pleaded and relied upon by the defendant as a counter-claim, constitute a good cause of action in favor of the defendant against the plaintiffs. If greater certainty and definiteness are desired, plaintiffs' remedy is by motion and not by demurrer. The real question, therefore, to be determined is, whether these facts can be pleaded as a counter-claim in *this* action, or whether the defendant is to be driven to a separate action.

The counter-claim is a creation of the Code, and since 1852 includes the defenses of set-off and recoupment as they were understood prior to that time (*Pattison* agt. *Richards,* 22 *Barb.,* 146), but is broader and more comprehensive than either. In *Boston Mills* agt. *Eull* (6 *Abb., N. S.,* 319; *S. C.,* 37 *How.,* 299), I discussed this question fully, citing many authorities, and pointed out the distinction between a set-off, recoupment and the counter-claim introduced by the Code.

The first essential of every counter-claim is, that it shall, of itself, be a distinct cause of action in favor of the defendant pleading it and against the plaintiff in the action, between whom a several judgment might be had as provided by section 274. If it falls short of this, it cannot be treated as a counter-claim within the meaning of the Code (*Vassar* agt. *Livingston,* 13 *N. Y.,* 248), although it may constitute a good defense as a set-off. (*Ferreira* agt. *Depew,* 4 *Abb.,* 131; *Duncan* agt. *Stanton,* 30 *Barb.,* 533; *Spencer* agt. *Babcock,* 22 *Barb.,* 326.) A counter-claim differs from new matter which may be set up in the answer in this: the new matter can only be used to defeat an action; a counter-claim may be used to sustain an action. It is simply a cross action to enforce a legal or equitable set-off against the plaintiff in the action.

There are two species of counter-claims authorized by the Code: one which can be pleaded only in an action arising upon contract, and another which may be set up in *any* action.

I. In an action arising on contract, the defendant may set up as a counter-claim any other cause of action arising also on contract, express or implied (*Andrews* agt. *The Artisans' Bank*, 26 *N. Y.*, 301, and *Lignot* agt. *Redding*, 4 *E. D. Smith*, 285), and existing at the commencement of the action, against a plaintiff between whom and such defendant a several judgment might be had in the action. according to the provisions of section 274, and owned by such defendant at the time of the commencement of the action (*Chambers* agt. *Lewis*, 11 *Abb.*, 210; *Van Valen* agt. *Lapham*, 13 *How.*, 240), and due at said time (*Rice* agt. *O'Conor*, 10 *Abb.*, 262; *Code*, § 150, subd. 2).

II. In *any other* action any defendant may set up as a counter-claim against any one of the plaintiffs, between whom and himself a separate judgment might be had in the action as aforesaid (§ 274; *Briggs* agt. *Briggs*, 20 *Barb.*, 477; *Newell* agt. *Salmons*, 22 *Barb.*, 647), any claim existing in favor of such defendant against such plaintiff at the time of the commencement of the action (*see Chambers* agt. *Lewis* and *Van Valen* agt. *Lapham, supra*), and of which such defendant is the owner (*Lafarge* agt. *Kelsey*, 1 *Bosw.*, 171), *provided*, however, such claim is founded upon a cause of action arising out of the contract or transaction set forth in the complaint, or is connected with the subject of the action. (*Code*, § 150, *subd*. 1.)

Formerly the rule was that in an action for a tort, a counter-claim, no matter whether arising on contract or based upon another tort, cannot be allowed; but this rule, it will be observed, has now been so far modified as to allow the interposition of a counter-claim in the full sense of the Code, whether arising on contract or based upon a tort, in an action for a tort, whenever such counter-claim is founded upon a cause of action arising out of the transaction set forth in the complaint, as the foundation of plaintiffs'. claim, or whenever it is connected with the subject of the action As soon as a defendant does bring himself within one or the

other of these exceptions made to the general rule, his right to counter-claim is perfect, irrespective of the form of plaintiffs' cause of action as set out in the complaint. This point has been expressly decided by this court, at general term, in *Xenia Bank* agt. *Lee* (2 *Bosw.*, 694; *S. C.*, 7 *Abb.*, 372). See, also, to the same effect, *Brown* agt. *Buckingham* (11 *Abb.*, 387; 21 *How.*, 190).

The authorities relied upon by the plaintiffs in the case at bar do not establish a contrary doctrine. Upon a careful examination and analysis of them I find that every case so cited has been correctly decided, although with different result, for the reason that the defendant had failed to bring himself within at least of one of the exceptions established by the Code as aforesaid. *Pattison* agt. *Richards*, (22 *Barb.*, 143), was an action for a tort; defendant counter-claimed for breach of a contract made four years prior to to the commission of the alleged tort and having no connection with the subject of the action.

*Donahue* agt. *Henry*, (4 *E. D. Smith*, 162), was an action for a tort, and a proposed set-off was held inadmissible because it related to other property than the one forming the subject of the action.

*Barhyte* agt. *Hughes*, (33 *Barb.*, 320), was an action for an assault and battery. The defendant set up, by way of counter-claim, an assault and battery committed upon him by the plaintiff *prior* to the one described in the complaint. The court very properly held that the two occurrences were so independent of each other that they could not be disposed of in one action.

In *Mayor, &c.* agt. *The Parker Vein Steamship Co.* (21 *How.*, 289; *S. C.*, 12 *Abb.*, 300; 8 *Bosw.*, 300), the action was on *contract* for the payment of rent. The counter-claim was for a wrongful conversion of certain fixtures. It neither arose out of the contract or transaction set forth in the complaint, nor could it be connected with the subject of the action. To obviate this difficulty, the defendants

Chamboret agt. Cagney.

made an attempt to sustain it under the second subdivision
of section 150, which provides that in an action arising on
contract, any other cause of action arising also on contract
may be set up as a counter-claim, and argued that they had
a right to waive the tort and proceed upon the legal fiction
of an implied contract to pay the value. But the court
held that this could not be done under the subdivision re-
ferred to; that the counter-claim, as pleaded, was simply
and purely a claim to recover damages for a tort, upon
which, according to the rule laid down by the court appeals
in *Walker* agt. *Bennett*, (16 *N. Y.*, 250), no recovery could
be had as upon contract.

The only remaining question, therefore is, whether the
defendant has brought himself within the letter and spirit
of the first subdivision of section 150 of the Code. I have
not been able to find that the precise meaning of the words
"subject of the action," as used in that subdivision, has
ever been judicially determined. In *Borst* agt. *Corey*, (15
*N. Y.*, 509), the court of appeals held that the term "sub-
ject-matter" of suits, as used in section 49 (*of* 2 *R. S.*, 301),
is synonymous with the term "cause of action" used else-
where in the same statute. Analogy as well as sound
reasoning call for a similar construction of the words "sub-
ject of the action." These words must be deemed to mean
the subject-matter in dispute, or, to be still more explicit,
the facts constituting the cause of action. In the case at
bar, plaintiffs brought the action for a trespass upon their
property. The object of the action is to recover damages,
but the subject thereof is the trespass committed by the
defendant. The counter-claim interposed by the defendant
is based partly upon plaintiff's fraudulent concealment of
property not taken by the defendant, and partly upon the
failure of plaintiff's title to property which was taken. But
it is not connected with the trespass upon which plaintiffs
rely, nor can it be claimed that it arose out of the transac-
tion set forth in the complaint. I concede that section 150

Chamboret agt. Cagney.

of the Code was énacted to simplify and expedite the administration of justice; that it is a remedial and beneficial provision, which should, at all times, receive a liberal construction, and from the start I felt strongly inclined to uphold the counter-claim. Subsequent reflection, however, has convinced me that it cannot be done without a great stretch of the meaning of the words " subject of the action" beyond their true and proper significance.

The order appealed from should be affirmed, with costs.

BARBOUR, Ch. J. I concur.

McCUNN, J. I concur.