By the Court:

Freedman, J.
The facts pleaded and relied upon by the defendant as a counter-claim constitute a good cause of action in favor of the defendant against the plaintiffs. If greater certainty and definiteness are desired, plaintiffs’ remedy is by motion and not by demurrer. The real question, therefore, to be determined is, whether these facts can be pleaded as a counter-claim in this action, or whether the defendant is to be driven to a separate action.
The counter-claim is a creation of the Code, and since 1852 includes the defenses of set-off and recoupment as they were un *382 derstood prior to that time (Pattison v. Richards, 22 Barb., 146), but is broader and more comprehensive than either. In Boston Mills v. Eull (6 Abb. Pr., N. S., 319; S. C., 37 How. Pr., 299), I discussed this question fully, citing many authorities, and pointed out the distinction between a set-off, recoupment, and the counter-claim introduced by the Code.
The first essential of every counter-claim is that it shall, of itself, be a distinct cause of action in favor of the defendant pleading it and against a plaintiff in the action, between whom a several judgment might be had as provided by section 274. If it falls short of this, it cannot be treated as a counter-claim within the meaning of the Code (Vassar v. Livingston, 13 N. Y., 248), although it may constitute a good defense as a set-off (Ferreira v. Depew, 4 Abb. Pr., 131; Duncan v. Stanton, 30 Barb., 533; Spencer v. Babcock, 22 Barb., 326). A counter-claim differs from new matter which may be set up in the answer in this: the new matter can only be used to defeat an action; a counter-claim may be used to sustain an action. It is simply a cross action to enforce a legal or equitable set-off against the plaintiff in the action.
There are two species of counter-claims authorized by the Code: one which can be pleaded only in an action arising upon contract, and another which may be set up in amy action.
I. In an action arising on contract the defendant may set up as a counter-claim any other cause of action arising also on contract, express or implied (Andrews v. The Artisans’ Bank, 26 N. Y., 301, and Lignot v. Redding, 4 E. D. Smith, 285), and existing at the commencement of the action, against a plaintiff between whom and such defendant a several judgment might be had in the action according to the provisions of section 274, and owned by such defendant at the time of the commencement of the action (Chambers v. Lewis, 11 Abb., 210; Van Valen v. Lapham, 13 How., 240) and due at said time (Rice v. O’Connor, 10 Abb., 362; Code, sec. 150, subd. 2).
II. In any other action any defendant may set up as a counterclaim against any one^ of the plaintiffs, between whom and *383 himself a separate judgment might be had in the action as aforesaid (sec. 274; Briggs v. Briggs, 20 Barb., 477; Newell v. Salmons, 22 Barb., 647), any claim existing in favor of such defendant against such plaintiff at the time of the commencement of the action (see Chambers v. Lewis and Van Valen v. Lapham, supra), and of which such defendant is the owner (Lafarge v. Kelsey, 1 Bosw., 171), provided, however, such claim is founded upon a cause of action arising out of the contract or transaction set forth in the complaint, oe is connected with the subject of the action (Code, sec. 150, subd. 1).
Formerly the rule was that in an action for a tort a counterclaim, no matter whether arising on contract or based upon another tort, cannot be allowed; but this rule, it will be observed, has now been so far modified as to allow the interposition of a counter-claim in the full sense of the Code, whether arising on contract or based upon a tort, in an action for a tort, whenever such counter-claim is founded upon a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff’s claim, oe whenever it is connected with the subject of the action. As soon as a defendant does bring himself within one or the other of these exceptions made to the general rule, his right to counter-claim is perfect, irrespective of the form of plaintiffs’ cause of action as set out in the complaint. This point has been expressly decided by this court, at General Term, in Xenia Bank v. Lee (2 Bosw., 694; 7 Abb., 372). See, also, to same effect, Brown v. Buckingham (11 Abb., 387; 21 How., 190).
The authorities relied upon by the appellants in the case at bar do not establish a contrary doctrine. Hpon a careful examination and analysis of them I found that every case so cited has been correctly decided, although with different result, for the reason that the defendant had failed to bring himself within at least one of the exceptions established by the Code as aforesaid. Pattison v. Richards (22 Barb., 143) was an action for a tort; defendant counter-claimed for breach of a contract made four years prior to the commission of the alleged tort and having- no connection with the subject of the action.
*384 Donahue v. Henry (4 E. D. Smith, 162) was an action for a tort, and a proposed set-off was held inadmissible because it related to other property than the one forming the subject of the action.
Barhyte v. Hughes (33 Barb., 320) was an action for an assault and batteiy. The defendant set up, by way of counter-claim, an assault and battery committed upon him by the plaintiff jprior to the one described in the complaint. The court very properly held that the two occurrences were so independent of each other that they could not be disposed of in one action.
In Mayor, etc., v. The Parker Vein Steamship Company (12 How., 289; 12 Abb., 300; 8 Bosw., 300) the action was on a contract for the payment of rent. The counter-claim was for a wrongful conversion of certain fixtures. It neither arose out of the contract or transaction set forth in the complaint, nor could it be connected with the subject of the action. To obviate this difficulty the defendants made an attempt to sustain it under the second subdivision of section 150, which provides that in an action arising on contract any other cause of action arising also on contract may be set up as a counter-claim, and argued that they had a right to waive the tort and proceed upon the legal fiction of an implied contract to pay the value. But the court held that this could not be done under the subdivision referred to; that the counter-claim, as pleaded, was simply and purely a claim to recover damages for a tort, upon which, according to the rule laid down by the Court of Appeals in Walker v. Bennett (16 N. Y. R., 250), no recovery could be had as upon contract.
' The only remaining question therefore is, whether the defendant has brought himself within the letter and spirit of the first subdivision of section 150 of the Code. I have not been able to find that the precise meaning of the words “ subject of the action,” as used in that subdivision, has ever been judicially determined. In Borst v. Corey (15 N. Y. R., 509), the Court of Appeals held that the term “ subject-matter ” of suits, as used in section 49 (of 2 R. S., 301), is synonymous with the term *385 “ cause of action ” used elsewhere in the same statute. Analogy as well as sound reasoning call for a similar construction of the words “ subject of the action.” These words, must be deemed to mean the subject-matter in dispute, or, to be still more explicit, the facts constituting the cause of action. In the case at bar plaintiffs brought the action for a trespass upon their property. The object of the action is to recover damages, but the subject thereof is the trespass committed by the defendant. The counter-claim interposed by the defendant is based partly upon plaintiffs’ fraudulent concealment of property not taken by the defendant, and partly upon the failure of plaintiffs’ title to property which was taken. But it is not connected with the trespass upon which plaintiffs rely, nor can it be claimed that it arose out of the transaction set forth in the complaint. I concede that section 150 of the Code was enacted to simplify and expedite the administration of justice; that it is a remedial and beneficial provision, which should, at all times, receive a liberal construction, and from the start I felt strongly inclined to uphold the counter-claim. Subsequent reflection, however, has convinced me that it cannot be done without a great stretch of the meaning of the words “ subject of the action” beyond their true and. proper significance.
The order appealed from should be affirmed, with costs.