## RYAN v. LEWIS.

*Justice's court — practice in — amendment — when a matter of right — former recovery — Damages.*

In an action before a justice of the peace, plaintiff A claimed damages for an injury to his wagon, caused by collision with the defendant B's wagon. B plead a general denial, and an adjournment was had. On the adjourned day B asked leave to amend the answer, by setting up that since issue was joined an action had been tried, in which A was defendant and B plaintiff; that A had set up his cause of action as a counter-claim, had given evidence thereon, and a judgment had been rendered in favor of B. *Held,* that B was entitled to so amend as matter of right, and the justice had no discretion to refuse it.

Plaintiff was allowed, as damages, $10 paid by him for repairing his wagon, and $15 more as the decreased value of the wagon after repair, from what it was before the injury. *Held,* not a proper measure of damage.

APPEAL by defendant from a judgment of the Monroe county court, affirming a judgment in favor of plaintiff, rendered by a justice of the peace.

The action was brought by Edward Ryan against William H. Lewis, to recover for damages to plaintiff's wagon, caused by a collision with defendant's wagon on the highway. The facts sufficiently appear in the opinion.

*A. J. Wilkin,* for appellant.

*A. P. Butts,* for respondent.

MULLIN, P. J. This action was commenced in a justice's court to recover of the defendant the damage sustained by him, by reason of defendant running against plaintiff's wagon and breaking it with his (defendant's) buggy while they were passing each other in the highway in the night of the 19th of June, 1872.

On the return day of the summons, the defendant denied the complaint, and the cause was then adjourned. On the adjourned day, the parties appeared and defendant asked leave to amend his answer by adding thereto as a defense, that since issue was joined in this action, an action had been tried, in which the present defendant was plaintiff, and the plaintiff was defendant, in which

the present defendant complained against the present plaintiff for injury done to the buggy of the present defendant in the same collision referred to in the complaint of the present plaintiff, in which action the present plaintiff set up, by way of counter-claim, damages sustained by him in such collision, and which are the same damages sought to be recovered for in this action; that the present plaintiff gave evidence in support of such counter-claim, and the same was submitted to and passed upon by the jury.

The plaintiff's counsel objected to the amendment of the answer, and the same was refused by the court. The parties then proceeded to trial, and judgment was entered against the defendant for $25 damages, besides costs.

Both the plaintiff and defendant could not recover damages for injuries sustained by the collision of the buggies. The one who was free from fault could alone recover. If both were in fault neither could recover. *Schnaderbeck* v. *Worth*, 8 Abb. 37. The damages sustained by the defendant in the first suit (the plaintiff in this) were not a proper subject of counter-claim in the first action. *Askins* v. *Hearns*, 3 Abb. 184; *Barhyte* v. *Hughes*, 33 Barb. 320.

The defense offered to be put in, by way of amendment, alleges that the plaintiff in this suit set up his damages by way of recoupment, evidence was given in support of it, and it was submitted to and passed upon by the jury.

The allegation proved the plaintiff could not maintain an action for such damages (1 Waite's L. & P. 945), although if objected to the counter-claim would have been stricken out of the answer as not being a proper subject of counter-claim. The truth of the matters set forth in the amendment to the answer was not denied, and being true, it appeared that the trial in the former action was had since the joinder of issue in this, and the defendant had no opportunity to amend his answer at an earlier day than that on which the application for leave to amend was made. It was as much a legal right to set up the new matter by way of amendment as it would have been at the time of joining of issue. Had he been refused leave to set it up then, there could be no doubt but that the court, on appeal, would reverse the judgment. The justice had no discretion about it. It was matter of strict legal right. But, assuming that the allowance of an amendment rests in the discretion of the court, yet the refusal in this case was a gross abuse of the discretion, and the only remedy of the party is by appeal. *Plato* v. *Kelly*, 16 Abb.

188.   A judicial officer who should refuse leave to a party to amend when it is apparent that the application is made in good faith, and is absolutely necessary for the protection of his rights, ought to be indicted or removed from office.

The plaintiff proved that he paid $10 for repairs to the buggy, and that it was not then worth as much as before the injury by $15. This evidence was objected to, the objection was overruled, and the defendant's counsel excepted.   The measure of damages which the plaintiff was entitled to recover, if he recovered any thing, was the amount the buggy was lessened in value by reason of the injury. The plaintiff could not cause repairs to be made upon it, which did not make it as good as it was before the injury, and then recover, in addition, the amount the repairs fell short of making it as valuable as before.   There might be a controversy as to the manner in which the work was done, and as to the quality of the material used.   If either was defective, the defendant would be obliged to pay more than the amount that would compensate plaintiff for the injury.

The judgment must be reversed.

*Judgment reversed.*